JOHN BAILER, Appellant, v. EUPHEMIA RINGE and CHARLES A. RINGE, Respondents.— In an action to enjoin the use of premises for a funeral chapel or undertaking business or any other business, judgment dismissing complaint on the merits reversed on the law and the facts, with costs, and new trial granted. For the purpose of the new trial, findings of fact and conclusions of law are reversed. Although the restrictive covenant invoked by plaintiff could not be enforced for the reason that the common grantor, Manor Realty Co., through which plaintiff's title devolved, did not set up uniform restrictions (*Korn* v. *Campbell*, 192 N. Y. 490), and the conduct of the business may not be deemed a private nuisance as a matter of law, it is undisputed that the use of the frame dwelling for business purposes is violative of a city ordinance. A city permit was denied defendants on that ground. Violation of a city ordinance, resulting in injury to him, may be enjoined at the instance of an individual. (*Rice* v. *Van Vranken*, 132 Misc. 82; affd., 225 App. Div. 179; affd., without opinion, 255 N. Y. 541; *Kaltenbach* v. *Benisch*, 252 App. Div. 788.) Although we are of opinion that plaintiff is entitled to a judgment enjoining defendants from using a frame dwelling situated on premises known as 1001–1009 Ditmas avenue, in the borough of Brooklyn, as or for a funeral chapel, mortuary or undertaking business, and from occupying or using the frame dwelling for any other business, proof of the amount of damage is lacking. While loss of rental value is the proper measure of damages (*Francis* v. *Schoellkopf*, 53 N. Y. 152; *Jutte* v. *Hughes*, 67 id. 267; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98, 123; *Barrick* v. *Schifferdecker*, 123 id. 52), even though plaintiff's dwelling was not rented, and plaintiff did not seek to rent it (*Michel* v. *Supervisors of Monroe County*, 39 Hun, 47; *Rosenheimer* v. *Standard Gas Light Co.*, 36 App. Div. 1), the proof adduced related to such loss occasioned by the maintenance of the undertaking business not only in the dwelling but in the brick structure fronting on Coney Island avenue. The proof with respect to loss of rental value should be limited to a showing of the difference, during the period in question and up to the time of the decree, between the value of the plaintiff's property when defendant's dwelling house was used as an undertaking establishment and when not so used. This element of damage does not involve the use for undertaking purposes of the building formerly used as a garage. Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ., concur.

ARTHUR S. BARNES, Respondent, v. HAROLD G. WENTWORTH, Appellant.— Order granting in part and denying in part a motion of the defendant to vacate items in plaintiff's demand for a bill of particulars, in so far as appealed from, affirmed, with ten dollars costs and disbursements; the bill of particulars to be served within five days from the entry of the order hereon. No opinion. Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ., concur.