JOHN BAILER, Respondent, Appellant, *v.* EUPHEMIA RINGE and CHARLES A. RINGE, Appellants, Respondents.

Second Department, January 2, 1940.

*Frederick B. Merkle,* for the respondent-appellant.

*Milton A. Sadolsky* [*George Goodstein* with him on the brief], for the appellants-respondents.

PER CURIAM. In an action to enjoin the use of certain premises owned by the defendants for a funeral parlor or undertaking business and for damages, the complaint sets up three causes of action.

The first cause of action is based upon the theory that the use is in violation of certain restrictive covenants imposed on the property in the deed to the Manor Realty Company. The second cause of action is based upon the theory that the maintenance of a funeral chapel or the operation of an undertaking business on the premises will constitute a private nuisance. The third cause of action alleges that the use of the premises is in violation of certain provisions of the Building Code of the City of New York.

From a judgment dismissing the first and second causes of action and granting the plaintiff an injunction restraining the use of a portion of the property and awarding damages, the plaintiff and defendants both appeal.

Upon a previous appeal (*Bailer* v. *Ringe,* 255 App. Div. 976) this court reversed an order dismissing the complaint and granted a new trial. In the memorandum decision we stated that the restrictive covenant could not be enforced because the Manor Realty Company, through which the plaintiff's title devolved, did not set up uniform restrictions. There has been a second trial, *de novo.* (*Gugel* v. *Hiscox,* 216 N. Y. 145.)

Upon this record the evidence is conclusive that such uniform restrictions were set up in the original Walbridge deed and that the premises owned by the defendants are subject to them. (*Booth v. Knipe*, 225 N. Y. 390.) It follows that in addition to the relief which we stated the plaintiff was entitled to upon the previous appeal, he is now entitled to an injunction restraining the violation of the restrictive covenants contained in the original Walbridge deed to the Manor Realty Company.

The judgment should be modified on the law and the facts by striking out the second decretal paragraph and striking from the sixth decretal paragraph everything following the words " any of the purposes above described." As thus modified, the judgment should be affirmed, with costs to the respondent-appellant.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ.

Judgment modified on the law and the facts by striking out the second decretal paragraph and by striking from the sixth decretal paragraph everything following the words " any of the purposes above described," and, as thus modified, the judgment is unanimously affirmed, with costs to the respondent-appellant.