BENJAMIN BAZINSKY, Doing Business under the Firm Name and Style of OXFORD GARAGE, and Others, Respondents, *v.* KESBEC, INC., Appellant.

First Department, May 3, 1940.

*William C. Cannon* of counsel [*Arthur H. Haaren* and *Harold W. Bissell* with him on the brief], for the appellant.

*William F. Walsh* of counsel [*Robert L. Levine* and *Abraham Greenbush* with him on the brief; *Walsh & Levine*, attorneys], for the respondents.

CALLAHAN, J. Two of the present plaintiffs are the owners, and the remaining two are the lessees of two garages situated some distance from a parking lot operated by the defendant in the vicinity of One Hundred and Eighty-fourth street and Jerome avenue, borough of the Bronx, city of New York.

The district in which all of the properties involved herein are located is designated as a " business district " under the Building Zone Resolution of the City of New York. Under said resolution business districts have since 1916 been restricted against occupancy by garages for the storage of more than five cars. (Amended Building Zone Resolution of the City of New York, art. II, § 4, subd. [a], ¶ 15.) On June 28, 1935, an amendment was adopted to the Building Zone Resolution extending its restriction against the parking of cars in buildings or open lots.

Plaintiffs' garages were erected after 1916, but prior to 1935. They were so erected under a permit or variance granted by the board of standards and appeals, on the ground that unnecessary hardship would ensue if the ordinance were enforced against plaintiffs' premises. Defendant has been refused a variance because of the proximity of its parking lot to a public school. (See Amended Business Zone Resolution, art. V, § 21.)

Prior to the amendment of 1935, the parking of cars, as distinguished from the storage thereof, was not prohibited in a business district. (*Matter of Monument Garage Corp.* v. *Levy*, 266 N. Y. 339.) Defendant has operated its parking lot since 1926. Even prior to 1926 some cars had been parked on the defendant's premises by a prior owner. After purchasing its property in 1926, the defendant invested $7,000 in regulating and grading the land and in otherwise improving it, so that more cars could be parked than were previously accommodated. Special Term made express findings of fact in the present case to the foregoing effect. Defendant contends that its prior investment in permanently improving its premises solely for parking purposes gives it a vested property right in the continued use of said premises for such purpose, and that the Zoning Ordinance Amendment passed after such investment had been made may not be construed as applying to it; otherwise defendant's constitutional rights as to due process will be violated. (See U. S. Const. 14th Amendt.; N. Y. Const. art. 1, § 6.)

Plaintiffs' position is that the question of law raised here has already been decided adversely to defendant in *People* v. *Wolfe* (248 App. Div. 721; affd., 272 N. Y. 608) and *People* v. *Kesbec, Inc.* (257 App. Div. 941; affd., 281 N. Y. 785). Plaintiffs, in other words, say that these cases hold that use of premises for parking purposes prior to the enactment of the 1935 amendment, even though accompanied by the prior investment of a substantial sum for improvements for that purpose, does not relieve the owner from liability for a violation of the ordinance.

Defendant contends that *People* v. *Wolfe* (*supra*) and *People* v. *Kesbec, Inc.* (*supra*), are not controlling and may be distinguished on their facts. It asserts that in the *Wolfe* case (*supra*) there was a specific finding that the defendant had made no permanent improvement, nor, as far as the record disclosed, any investment in preparing its premises for the parking of cars before the passage of the amendment. Defendant further says that in *People* v. *Kesbec, Inc.*(*supra*), there was insufficient proof to show any property right based upon a prior investment. An examination of the record in the last case discloses that $4,542 was expended upon the parking lot involved therein from the year 1921 to the year 1934. Testimony showing the break-down of the sum invested made it appear that many of the items had been expended for improvements which had very little if anything to do with the use of the premises for parking purposes, as distinguished from its use as a gasoline station and a lunchroom. There was, however, some testimony in *People* v. *Kesbec, Inc.* (*supra*), that a part of the $4,542 had been invested for parking improvements. As no opinion was written by the Court of Appeals in either of the prior cases, we are unable to determine whether or not the decision of that court rested on the sufficiency of the proof as to prior investments, or on some other ground.

Defendant claims that in earlier cases involving alleged violations of the original zoning resolution, it had been held that zoning laws might not reasonably or constitutionally be applied retroactively, so as to prohibit the continuance of a lawful, established use not in itself a nuisance, where a substantial investment had been made in adapting the premises to such use. (See *People ex rel. Ortenberg* v. *Bales*, 224 App. Div. 87; affd., 250 N. Y. 598, and cases cited; also *City of Buffalo* v. *Chadeayne*, 134 id. 163.)

It is to be noted, however, that the original zoning resolution, when adopted in 1916, contained a saving clause protecting uses which had commenced prior to 1916. When the amendment of 1935 was adopted no such saving clause was inserted concerning the business of parking cars commenced prior to 1935,

The magistrate, in disposing of the *Wolfe* case (*supra*), stated that the passage of the 1935 amendment without a saving clause did not violate the constitutional rights of an owner, because under the police power a municipality was authorized to enact such a law.

Though, as we have said, it is not entirely clear on what ground the Court of Appeals rested its decisions in the *Wolfe* and first *Kesbec* cases (*supra*), we feel that these decisions, at least that in the prior *Kesbec* case, uphold the amendment of 1935 as within the police power of the State, and require us to hold that prior use, even though accompanied by an investment representing the expense of regulating and grading a lot for parking purposes, would not render the ordinance inapplicable nor its application unconstitutional. .

There remains, however, the question as to whether plaintiffs have the right to maintain this action for an injunction.

Section 23 of the Amended Building Zone Resolution provides, in part, as follows:

" This resolution shall be enforced by the tenement house commissioner and by the superintendent of buildings in each borough, under the rules and regulations of the Board of Standards and Appeals.

" * * * The superintendent of buildings shall in each borough enforce said regulations in so far as they relate to buildings or premises other than tenement houses. * * *

" Any such person who having been served with an order to remove any such violation shall fail to comply with said order within ten days after such service or shall continue to violate any provision of the said building zone resolution in the respect named in such order shall be guilty of a misdemeanor.

" In addition to the foregoing remedies the City of New York by the Corporation Counsel may maintain an action for an injunction to restrain any violation of the said building zone resolution."

Plaintiffs have brought this action as private property owners upon the theory that they have suffered special injury by reason of defendant's violation of the parking ordinance, and are thus entitled to injunctive relief. Defendant challenges their right to do so. There is some evidence in the case that the landlords-plaintiffs have suffered some special damage, in that there is testimony that the market value of their premises has been decreased by reason of the effect thereon of the use of defendant's premises as a parking lot. There is also some evidence in the case that the lessees-plaintiffs suffered a diminution in their income by reason of defendant's use of its premises for parking.

The court at Special Term found that the maintenance and operation by defendant of its parking space was in direct competition with

the plaintiffs, and that the plaintiffs have been damaged as a result of such use, and will continue to suffer special damages. Upon these facts, it concluded that plaintiffs were entitled to an injunction.

We disagree with the conclusion that under such circumstances plaintiffs are entitled to equitable relief. In our opinion it was never intended that the zoning resolution should be used by one non-conforming property against another to stifle business competition.

In arriving at our conclusion, it is not necessary to hold that the provisions of section 23 of the ordinance, directing the enforcement by the superintendent of buildings and the corporation counsel, are exclusive. The right of an individual, who is in the particular class of persons for whose benefit the ordinance has been adopted, to obtain injunctive relief where such a person suffers special damage would seem to have been recognized. (*Rice* v. *Van Vranken*, 132 Misc. 82; affd., 225 App. Div. 179; affd., 255 N. Y. 541.) In the *Rice* case (*supra*) the plaintiffs were the owners of a one-family dwelling in a zone that was being restricted to such dwellings. The defendant proposed to erect an apartment house in such restricted area. Plaintiffs complained of the injury that would result to them by reason of defendant's violation of the zoning act; of the special damage which they would suffer by reason of defendant's disobedience. Plaintiffs' right to obtain an injunction under such circumstances was upheld. But plaintiffs in that case were the ones intended to be benefited by the ordinance. They were conforming to the use to which the area was restricted, and attempting to prevent another from injuring them by a non-conforming use. The present plaintiffs are not similarly situated. Although they have obtained a variance authorizing them to use their property for a non-conforming purpose, it is clear that the nature of the use to which they are putting their own premises is as offensive to the objects of the Zoning Ordinances as is defendant's use of its property. Plaintiffs' use is permitted merely because of hardship which they would suffer if they were compelled to use the property for the restricted purpose.

The object of the Zoning Ordinances is to protect the public health and safety and to preserve the character of neighborhoods by uniform and limited use thereof in the interest of the public generally. In *People ex rel. Sheldon* v. *Board of Appeals* (234 N. Y. 484, at p. 493) the Court of Appeals said: "A review of the several laws enacted clearly indicates that the Legislature appreciated the far-reaching effect of any law bearing upon the subject of a division of the city into zone districts as affecting the constitutional rights of citizens in the use of their property and so far as possible

with a view of protecting such rights concluded that the delegation of power to be conferred by it upon the board of estimate and apportionment, to adopt regulations for the use to which property might be adapted, should be limited to the adoption of regulations designed to promote public health, safety and general welfare, the conservation of property values, the suitability of each district for particular uses and the enhancement of the value of the land throughout the city."

The purpose of a variance is to afford a safety valve, so that the carrying out of the strict letter of the Zoning Ordinance may not occasion unnecessary hardship to particular property owners. (*Matter of Otto* v. *Steinhilber*, 282 N. Y. 71.) But the necessity of observing the spirit of the ordinance in maintaining public welfare and safety persists, even where a variance is granted. (Amended Building Zone Resolution, § 21.) There is no claim that plaintiffs are seeking to protect the public health, safety or general welfare by restricting the use to which defendant's premises are being put. Plaintiffs could not very well so contend where their own use is similar to that of defendant.

Plaintiffs, as non-conforming users, are not persons for whose benefit the restrictions contained in the Zoning Ordinances were adopted. Ordinarily, persons who are not intended to be protected by a statute cannot recover damages caused by a violation thereof. (*Lang* v. *N. Y. Central R. R. Co.*, 227 N. Y. 507; *DiCaprio* v. *N. Y. Central R. R. Co.*, 231 id. 94; *Schmidt* v. *Merchants Despatch Trans. Co.*, 270 id. 287, 305.) Persons who cannot recover damages would not seem to be entitled to an injunction, for the right to injunction is based on the right to recover damages, being given in order to avoid a multiplicity of actions. (*Pennsylvania Coal Co.* v. *Delaware & H. C. Co.*, 31 N. Y. 91; *Empire Engineering Corp.* v. *Mack*, 217 id. 85, 94.)

We are not unmindful of the fact that a contrary holding concerning the right of persons situated as are plaintiffs to obtain injunctive relief seems to have been made by the Appellate Division of the Supreme Court in the Second Department. (See *Kaltenbach* v. *Benisch*, 252 App. Div. 788; *Bailer* v. *Ringe*, 255 id. 976.) The decisions in those cases rested on the authority of *Rice* v. *Van Vranken* (*supra*) which we deem distinguishable for the reasons heretofore indicated.

*Empire Leasing Co., Inc.*, v. *Mecca Realty Co.* (174 App. Div. 433 [First Dept.]) does not hold contrary to our present decision. There the plaintiff, which had erected a roof sign prior to the passage of the ordinance, sought to enjoin its neighbor from erecting a roof sign in violation of the ordinance. The ordinance involved in that

case provided that it was not to apply retroactively. Accordingly, the plaintiff there was not a non-conforming user (as are the plaintiffs here), who had received permission under a special exception to erect its structure after the law had declared a rule for the general welfare of the public.

The courts for many years have recognized the rule that certain violations of ordinances which also create nuisances may be enjoined by any one who suffers special injury. (*Ackerman* v. *True*, 175 N. Y. 353; *N. Y. Cement Co.* v. *Consolidated Rosendale Cement Co.*, 178 id. 167.) The application of this rule, in so far as it requires the existence of a nuisance as well as special injury before an injunction may issue, has apparently been relaxed in favor of those persons in the class sought to be protected by an ordinance, who suffer special damage. (*Rice* v. *Van Vranken, supra.*) But we do not see any reason why such relaxation should be extended further so as to favor one who is not of the class sought to be protected but merely excused from obeying the mandate of the ordinance.

The use of buildings as garages is at least as objectionable, because of fumes, danger of fire, etc., to those occupying a neighborhood for residential or business purposes, as is the use of an open parking lot. The only damage which the plaintiffs herein suffer is that damage which arises by reason of business competition. The findings of Special Term herein so determine. There is no claim that plaintiffs' properties were injured in so far as any conforming use thereof was concerned. Persons using a neighborhood in conformity with a restricted use may well be entitled to enjoin a non-conforming use from which they suffer special injury; but to grant a non-conforming user a like remedy, because of a variance in his favor granted to avoid hardship, is to extend the effect of the variance beyond its statutory purpose.

It is our view that, as between mere business competitors who are all non-conforming users, enforcement of the zoning statutes should be left to the public authorities.

The judgment should be reversed, with costs, and the complaint dismissed, with costs.

MARTIN, P. J., UNTERMYER and DORE, JJ., concur; COHN, J., dissents and votes to affirm.

COHN, J. (dissenting). I dissent and vote to affirm the judgment. A suit in equity may be maintained to restrain the violation of a statute enacted for the protection of the public by one who is injured in person or in property by its violation. Plaintiffs proved that they have suffered and will continue to suffer special damages by virtue of the illegal use and operation by defendant of its property.

In the circumstances, the court properly granted equitable relief enjoining the unlawful acts of defendant. (*Ackerman* v. *True*, 175 N. Y. 353; *Rice* v. *Van Vranken*, 132 Misc. 82; affd., 225 App. Div. 179; affd., 255 N. Y. 541; *Bailer* v. *Ringe*, 255 App. Div. 976; *Kaltenbach* v. *Benisch*, 252 id. 788; *Empire Leasing Co., Inc.* v. *Mecca Realty Co.*, 174 id. 433.)

Judgment reversed, with costs, and the complaint dismissed, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.