PETER C. DAUB et al., Respondents, *v.* GEORGE POPKIN et al., Individually and as Copartners Doing Business as 55th St. Building Co., et al., Appellants.

First Department, March 11, 1958.

*Samuel Gottlieb* of counsel (*Louis A. Tepper* with him on the brief; *Gainsburg, Gottlieb, Levitan & Cole,* attorneys), for George Popkin and others, appellants.

*Herbert Plaut* of counsel (*Scribner & Miller,* attorneys), for Weinbro Realty Corporation, appellant.

*Sidney R. Pine* of counsel (*Joseph Buch,* attorney), for respondents.

FRANK, J. P. The defendants, who are the owners of record and lessees of an apartment house, appeal from a judgment which restrains them from continuing to convert the building

from residential to commercial use. The second cause of action pleaded in the complaint sought a reformation of the leases. The trial court found for the defendants on this issue and no appeal was taken therefrom by the plaintiffs.

The alteration and reconstruction are being performed in accordance with plans duly filed, and approved by the department of buildings on October 16, 1957.

The plaintiffs are seven tenants. Each occupies a residential apartment under an unexpired written lease, the last one terminating on November 30, 1958. The leases (standard real estate board forms) provide, in part, that there shall be no allowance to the tenant for a diminution of rental value or for inconvenience or annoyance arising from alterations to any portion of the building. Liability is not to be imposed against the landlord for damage from falling plaster or other work performed unless negligently done, nor from loss of light by the closing or darkening of any windows.

We are not here concerned with the respective rights of the parties after the termination of the leases. Parenthetically, however, it may be stated that statutory tenants were denied an injunction to restrain the conversion of a building from residential to commercial use (*Barbee* v. *2639 Corp.*, 284 App. Div. 298).

The trial court, in substance, enjoined: (a) the use of the elevator for moving building materials, workmen or equipment; (b) the construction of a sidewalk bridge; (c) the use of halls, lobby and elevators by the defendants, their employees or contractors; (d) the use of the entire premises, including building and lot, which would in any manner interfere with the enjoyment of the demised premises by the tenants; (e) any course of conduct which might compel plaintiffs to move; (f) building on the courtyards in contravention of the zoning ordinance.

Under the terms of the leases, the defendants are not prohibited from proceeding with the alteration or reconstruction of the building. The plaintiffs have established no legal right, based upon contract, to restrain the continuation of the work, nor does such reconstruction, in and of itself, constitute either actual or constructive eviction of the tenants. (See *Two Rector St. Corp.* v. *Bein*, 226 App. Div. 73.) Moreover, the record is devoid of substantial proof that the work prevented access to the apartments occupied by the plaintiffs.

The defendants may not be enjoined from altering those parts of the building not occupied by the plaintiffs, nor from using the public portions of the building to prosecute the work,

so long as it does not affect the ingress or egress of the plaintiffs to their apartments.

The restraints imposed by the judgment with respect to items (a) to (e) inclusive, must be vacated and the judgment to that extent should be modified.

There remains the final item of restraint imposed upon the defendants: "(f) from building on the courtyards in the subject premises in contravention of the zoning ordinance of the City of New York".

The plaintiffs alleged and proved that the defendants demolished the ground floor areas on each side of the entrance lobby in the building (previously consisting of apartments occupied as professional offices by medical practitioners) and began the erection of stores. For the purpose of providing more store space, the defendants are absorbing three courtyards, one on each side of the building and the third extending across the entire rear of the building. The plaintiffs contend that the integration of these courtyard areas into enclosed portions of the premises is in violation of the zoning resolutions of the City of New York.

There is no dispute that when the conversion of the entire premises to commercial occupancy is complete, the construction of the stores to include the courtyards will conform to the permissible requirements of the zoning resolutions. However, until that time arrives, or until a major portion of the entire building is converted, there is no doubt that the absorption of the courtyards into the enclosed portions of the structure is violative of the zoning resolution (§ 12, subd. [b]) which prohibits the occupancy at curb level of more than 65% of the lot area.

Zoning ordinances or regulations are enacted in the public interest and for the public good, and as a valid exercise of the police powers of the State. These regulatory measures are designed to preserve the character of zoned areas from the encroachments of industrial and other uses which deteriorate the area and diminish property values.

It has been repeatedly held that a property owner need not wait for a public officer to take appropriate action to prevent a violation of a zoning regulation but he may commence an action to enjoin if his "personal or property rights will be injured" (*Rice* v. *Van Vranken*, 225 App. Div. 179, 181, affd. 255 N. Y. 541; *Marcus* v. *Village of Mamaroneck*, 283 N. Y. 325; *Bailer* v. *Ringe*, 255 App. Div. 976; *Kaltenbach* v. *Benisch*, 252 App. Div. 788; *Roock* v. *Womer*, 233 App. Div. 566).

In all of the cited cases, injunctive relief was obtained by the owners of property in the vicinity affected by the violation of the zoning regulation. We must here determine whether the status of a tenant who occupies an apartment by virtue of a lease may be equated to that of a fee owner. The precise point does not appear to have been the subject of decision heretofore. While Special Term restrained the conversion of a building to commercial use, at the behest of tenants, in *Lustgarten* v. *36 C. P. S. Inc.* (9 Misc 2d 684), the problem posed here does not appear to have been seriously raised or considered in that case.

It is our view that tenants who have possession of real property by virtue of leasing agreements, as distinguished from statutory tenants, have personal or property rights in the demised premises sufficient to maintain an action to enjoin the violation of a zoning regulation, provided that such tenants suffer or are likely to incur special damages from a continuation of the violation.

The record discloses that the rents for the apartments occupied by the plaintiffs have materially increased from the allowable maximum on the freeze date, and under the terms of the leases, the plaintiffs, in some instances, are now paying as much as 75% more than the maximum fixed by law on the freeze date. It is a fair inference from the proof that the maintenance of the building as exclusively residential was one of the considerations for the agreements to pay the increased rentals permitted under the rent control statutes. That the creation of stores on both sides of the building entrance would tend to diminish the value of the demised premises cannot be gainsaid, and it is sufficient for the purpose of sustaining the right of the plaintiffs to maintain the action to hold that there is adequate proof of injury to their personal and property rights. This is so even though the plaintiffs could not recover damages in an action at law by reason of the express waivers in their leases. The voluntary surrender of the right of recovery does not obliterate the injury or damage and does not deprive the plaintiffs of the right to injunctive relief against the continued violation of the zoning regulation.

The injunctive relief granted with respect to the violation of the zoning regulation until the termination date of each of the leases is affirmed.

The judgment should therefore be modified in accordance with this opinion on the facts and the law and as modified otherwise affirmed, without costs.

STEVENS, J. (concurring in part). I concur in the opinion of the majority insofar as it directs that decretal paragraphs (a) to (e) inclusive be stricken. I dissent from so much of the opinion as affirms the injunction based upon decretal paragraph (f) which restrains the defendants "from building on the courtyards in the subject premises in contravention of the zoning ordinance of the City of New York". I vote to strike paragraph (f), reverse the judgment and dismiss the complaint.

Zoning regulations broadly speaking are for the protection of the public health, safety and welfare. Their enforcement usually is vested in public authority. Where the remedy of injunction has been granted to private persons it has been predicated upon a showing of special injury or damage to a substantial property right, or a violation of an ordinance or law resulting in damage to the party seeking relief. (*Bailer* v. *Ringe*, 255 App. Div. 976; *Marcus* v. *Village of Mamaroneck*, 283 N. Y. 325.)

The plaintiffs are seven tenants occupying the subject premises under leases, the latest expiration date of any such lease being November 30, 1958. The duration of these tenancies as contractually established cannot be equated with ownership, nor are these tenancies invested with such a possessory interest as to warrant the extension of equitable relief by way of injunction.

All of the leases contain a provision permitting the landlord to make "repairs, alterations, improvements or additions."

Plans were filed and approved for the conversion of the premises, a 10-story apartment building, from residential to commercial use. Thereafter work was begun though the apartments of these plaintiffs have not been altered, converted or otherwise disturbed. The plans having been approved and a permit issued, a presumption of legality attaches. To rebut the presumption of legality and procedural conformity more must be shown than the single fact of tenancy though it be contractual rather than statutory.

Nor am I convinced from the record that there is such inconvenience or annoyance as to amount to a nuisance or to constitute even a constructive eviction. To grant an injunction under such circumstances is, in effect, to write into the lease contract a provision not contemplated by the parties, and under a zoning regulation to confer a vested right in tenants whose interests, though contractual, are temporary and of short duration. The landlord is doing no more than he has a right to do under the lease. (*Two Rector St. Corp.* v. *Bein*, 226 App. Div. 73.) And "None of the matters concerning which the

tenants complain was the subject of express covenant in the leases under which they took " so as to forbid such work by defendants. (See, dicta, *Barbee* v. *2369 Corp.*, 284 App. Div. 298, 301.)

McNALLY and BASTOW, JJ., concur with FRANK, J. P.; STEVENS, J., concurs, in part, in opinion.

Judgment unanimously modified in accordance with the opinion of Mr. Justice FRANK, on the facts and on the law and, as so modified, affirmed, without costs. Settle order.