Fbaxcis X. Conloost, J.
The petitioners herein, by order of certiorari, request a review of a determination of the respondents. By cross motion, the respondents move to vacate the order of certiorari, to dismiss the petition and affirm the determination of the respondents. These matters are consolidated and will be disposed of together.
The petitioners, owners of certain realty in Bronx County, applied to the Department of Buildings for permission to erect a service station and certain appurtenances on their property. On September 28, 1961, their application was denied, primarily as the requested use was in violation of the Zoning Resolution, then in effect. The applicants, on October 2, 1961, appealed to the respondent Board of Standards and Appeals for a variance to allow such use. A hearing was held on February 20, 1962, no decision was rendered and the proceeding was adjourned to allow the applicants to submit certain statements and for an inspection of the site. On the adjourned date, March 6, 1962, the board dismissed the application for lack of jurisdiction. The Zoning Resolution had been amended, effective December 15, 1961. The action of the respondent board is based on such amended resolution.
The New York City Charter, which was in effect at all times, and with which we are concerned, provided that the Board of Standards and Appeals had the power: “ To determine and vary the application of the building zone resolution as may be provided in such resolution ” (ch. 27, § 666, subd. 5). TJnder the Zoning Resolution then in effect, the respondent board had jurisdiction of such proceeding. This is evidenced by the' fact that on May 2,1961, an application for a similar variance was denied which concerned premises across the street and one granted for premises on the same street in close proximity to the instant plot on April 19,1960.
Under the new Comprehensive Zoning Resolution, effective December 15,1961, as amended February 8, 1962, sections 11-34 and -11-341 were added which would limit the power of the respondent board in pending applications. Section 11-341 (subd. [e]) of the said Zoning Resolution provides: “ Pending *462 applications under the provisions of Section 7 (e) of the 1916 zoning resolution as amended, provided that no new use which would have been prohibited in a Restricted Retail District under the provisions of Section 4-B of the 1916 zoning resolution as amended, shall be permitted on any lot which under the provisions of this resolution is in a Residence District.”
The property with which we are concerned was zoned in a Local Retail District. Under the new resolution, it is zoned in a Residence District category.
Petitioners contend that as their application for a variance was submitted prior to the effective date of the new resolution and was pending before the board, it should be determined on the prior resolution. They also contest the validity of the new Zoning Resolution.
The court is of the opinion that the first contention is without merit. When a zoning law is changed, the new law applies unless rights have vested under the prior law (Matter of Gordon v. Plonski, 9 N Y 2d 886; Matter of Town Bd. of Huntington v. Plonski, 10 N Y 2d 1035). “ The court’s decision must be based upon the law existing at the time it is rendered rather than that existing when the proceeding was commenced.” (1 Rathkopf, Law of Zoning and Planning [3d ed.], pp. 27-36.)
However, with respect to the second contention, the City Charter, in effect, mandated to the respondent board the duty to hear and grant or deny variances. The said charter gave the City Planning Commission the power to draw a master plan for the city with respect to zoning (ch. 8, §§ 191-202). “ The object of the Zoning Ordinances is to protect the public health and safety and to preserve the character of neighborhoods by uniform and limited use thereof in the interest of the public generally. * * * The purpose of a variance is to afford a safety valve, so that the carrying out of the strict letter of the Zoning Ordinance may not occasion unnecessary hardship to particular property owners.” (Bazinsky v. Kesbec, Inc., 259 App. Div. 467, 471-472.)
Since the enactment of the enabling legislation (L. 1917, ch. 601), and the New York City Charter provisions adopted thereunder, it has always been the province of the Board of Standards and Appeals to exercise discretion to relieve a citizen of hardship and grievous injury in specific cases. Such action does not destroy zoning as a policy but tends to save it by allowing recourse for injustices and inequities.
It is noted that if the instant application were not a pending matter, it would properly be before the respondent board (Comprehensive Zoning Resolution, § 72-01 et seq.).
*463 The court, after reviewing this matter, believes that the City Planning Commission, by enactment of the Zoning Resolution which seeks to deprive the respondent board of its duty to hear and determine the application for a variance in this matter, was exceeding its authority.
The City Charter imposed such duty on the Board of Standards and Appeals which the City Planning Commission could not abrogate by its resolution. Nor should the petitioners be deprived of the right to this application by such procedure.
Accordingly, the petition is granted. Section 11-341 (subd. [e]) of the resolution is held to be invalid and the matter is remitted to the Board of Standards and Appeals for a determination on the merits. The motion to vacate the petition is denied.