■ WESTCHESTER MOTELS, INC., et al., Appellants, v. VILLAGE OF ELMS-
FORD et al., Respondents.— In an action to declare invalid and unconstitutional
an ordinance adopted March 25, 1963 by the defendant Village of Elmsford
amending its zoning ordinance, the plaintiffs appeal from an order of the
Supreme Court, Westchester County, dated July 15, 1963, which: (a) denied
their motion to enjoin all proceedings on the part of the defendants pending
the trial and determination of the action; and (b) granted the cross motion of
the defendant village to dismiss the complaint on the ground that it does not
state facts sufficient to constitute a cause of action. Order modified by striking
out the third decretal paragraph granting the motion of the defendant village
to dismiss the complaint, and by substituting therefor a paragraph denying
such motion. As so modified, order affirmed, without costs, with leave to the
defendants to serve an answer within 20 days after entry of the order hereon.
The Special Term properly exercised its discretion in denying plaintiffs' motion
for a temporary injunction (*Incorporated Vil. of Brookville* v. *Paulgene Realty
Corp.*, 9 A D 2d 770; *Green Co.* v. *Industrial Development*, 8 A D 2d 785;
*Voorhees & Hobart* v. *Hobart*, 251 App. Div. 111). However, plaintiffs' com-
plaint sufficiently alleged pecuniary loss in the value of their land (*Marcus* v.
*Village of Mamaroneck*, 283 N. Y. 325, 333), as distinguished from prospective
loss in business as a result of competition (cf. *Bazinsky* v. *Kesbec, Inc.*, 259
App. Div. 467, 471, affd. on other grounds 286 N. Y. 655; *Matter of Warehouse-
men's Assn.* v. *Cosgrove*, 227 App. Div. 560, 562), so as to constitute them
aggrieved parties to contest the validity of the rezoning ordinance. We are of
the opinion that the complaint also contains sufficient allegations to entitle
plaintiffs to a trial with respect to their claim that the rezoning ordinance was
adopted only for the special benefit of the owners of the land rezoned, and that
such rezoning was not in accordance with a comprehensive plan and represented
" spot zoning." We are also of the opinion that plaintiffs may not sue as vindi-
cators of any rights vouchsafed to the Westchester County Planning Board
under section 451 of the Westchester County Administrative Code (L. 1961,
ch. 822). The right of judicial review authorized by that statute must be pur-
sued by the County Planning Board; and it appears that said board has not
instituted a proceeding for such judicial review of the ordinance in suit. [For
companion appeal, see *Matter of Westchester Motels* v. *Town of Greenburgh*,
20 A D 2d 853.] Beldock, P. J., Ughetta, Brennan, Rabin and Hopkins, JJ.,
concur.