■ In the Matter of RAYMOND RUIZ et al., Respondents, v. MAX H. FOLEY et al., Constituting the Board of Standards and Appeals of the City of New York, Appellants. — Order, entered on September 5, 1963, granting the petition, remitting the proceeding to the Board of Standards and Appeals and denying respondents' motion to vacate the order of certiorari, unanimously reversed, on the law, with $30 costs and disbursements to respondents-appellants, and the motion to vacate the order of certiorari and to dismiss the petition granted, with $10 costs. Petitioners applied to the Department of Buildings for permission to erect a gasoline station in an area zoned as a local retail district. On September 28, 1961 the application was denied. Petitioners applied for relief to the Board of Standards and Appeals. A hearing was had on February 20, 1962 and adjourned. Prior thereto, effective December 15, 1961, the Zoning Resolution was amended. The saving provisions of the Zoning Resolution, as amended, preserve pending matters before the Board of Standards and Appeals as follows (§ 11-341):

" (c) Pending appeals for variances from the strict letter of the provisions of the resolution, under the provisions of Section 21 of the 1916 zoning resolution as amended * * *

" (e) Pending applications under the provisions of Section 7(e) of the 1916 zoning resolution as amended, provided that no new use which would have been prohibited in a Restricted Retail District * * * shall be permitted on any lot which under the provisions of this resolution is in a Residence District. "

The Zoning Resolution, as amended, changed the district in which the property is from local retail to residence. Therefore, on March 6, 1962 the Board of Standards and Appeals dismissed this application which is one under section 7(e) of the 1916 Zoning Resolution. Section 21 of the 1916 Zoning Resolution and sections 72-20 and 72-21 of the Zoning Resolution, as amended, provide for hardship cases and set forth certain basic criteria which must be met for relief thereunder. This is commonly referred to as a variance. Hardship relief is available to the petitioners provided they meet said requirements. The relief here sought is under section 7(e) of the 1916 Zoning Resolution which does not require a showing of hardship. Thereunder, nonconforming uses may be allowed for a stated period of years "in appropriate cases" and in harmony with the general purpose of the applicable use. Section 7(e) enables exceptions to the required uses; it grants a large area of discretion and does not require the hardship criteria provided in section 21. The latter section permits a variance of the permissible uses to fit a particular case where hardship is present. The Zoning Resolution, as amended, cut down section 7(e) to the extent of precluding the Board of Standards and Appeals from granting an exception as to a use in a residence district which was formerly prohibited in a restricted retail district. There is no question the use exception here sought is barred under the Zoning Resolution, as amended, unless it is to that extent invalid. Special Term held the Zoning Resolution, as amended, invalid to the extent it curbed the power of the Board of Standards and Appeals to grant the use exception sought by the petitioners. Section 200 of the New York City Charter provides for the amendment and repeal of zoning regulations including the provisions applicable to the Board of Standards and Appeals. The power of the Board of Standards and Appeals stems from the resolution. (*Matter of Chase Manhattan Bank* v. *Scarborough,* 9 N Y 2d 875; *Congregation Beth Israel West Side Jewish Center* v. *Board of Estimate of City of N. Y.,* 285 App. Div. 629; *Matter of Fox Lane Corp.* v. *Moore,* 216 App. Div. 813.) Concur — McNally, J. P., Stevens, Eager, Steuer and Witmer, JJ. [40 Misc 2d 460.]