■ In the Matter of ARTHUR KUCINSKI, Appellant, v ZONING BOARD OF APPEALS OF THE TOWN OF DOVER et al., Respondents. —In a proceeding pursuant to CPLR article 78 to review a determination of the Zoning Board of Appeals of the Town of Dover, dated December 22, 1986, which granted a special use permit to the respondents SPS Properties, Marus and Saglibene, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered August 24, 1987, which, upon granting the respondents' motion to dismiss for lack of standing, dismissed the proceeding.

Ordered that the judgment is reversed, on the law and the facts, with costs, the motion to dismiss the proceeding is denied, and the petition is reinstated.

Contrary to the conclusion of the Supreme Court, we find that the petitioner does have standing to maintain this proceeding. In opposition to the motion to dismiss, the petitioner alleged that he is employed as a teacher by the local school

district, that he had resided on the property adjacent to the site of the proposed development for eight years, and that he has an agreement with the owner to remain on the premises for an indefinite period of time. In *Matter of Sun-Brite Car Wash v Board of Zoning & Appeals* (69 NY2d 406, 414-415), the Court of Appeals recognized that persons with leasehold interests in property may have standing to challenge a zoning determination affecting adjacent properties since "[a] change in contiguous or closely proximate property obviously can as readily affect the value and enjoyment of a leasehold as the underlying ownership interest" *(see also, Lavere v Board of Zoning Appeals,* 39 AD2d 639, *affd* 33 NY2d 873; *Community Planning Bd. No. 2 v Board of Stds. & Appeals,* 43 AD2d 670; *Daub v Popkin,* 5 AD2d 283, *affd* 4 NY2d 1024).

The unrefuted allegations in the petitioner's affidavit regarding his possessory interest in adjacent property, coupled with his assertions that the proposed construction of 200 residential units may adversely affect him in such matters, *inter alia,* as noise, water, air pollution and traffic density *(see, Matter of Tuxedo Conservation & Taxpayers Assn. v Town Bd.,* 69 AD2d 320), are sufficient to accord him standing to proceed with this lawsuit. Mollen, P. J., Eiber, Sullivan and Harwood, JJ., concur.