■ HOWARD SCHUMAN et al., Appellants, v TOWN OF WASHINGTON TOWN BOARD et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the respondent Town of Washington Town Board dated December 10, 1987, which granted a variance to the respondent Roderick W. Ciferri III, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated May 12, 1988, which dismissed the preceeding.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

The respondent Roderick W. Ciferri III submitted a subdivision application and a short environmental assessment form to the Planning Board of the Town of Washington (hereinafter the Planning Board) at its meeting of February 3, 1987. Following a public hearing in March 1987 and Ciferri's submission of a long form environmental assessment form, the Planning Board accorded the subdivision final approval on September 1, 1987.

Ciferri's proposal to extend the sewer system of the Village of Millbrook to his subdivision in the Town of Washington was first considered by the Village of Millbrook Village Board (hereinafter Village Board) at a public meeting on September 15, 1987, at which an environmental assessment form (hereinafter EAF) was presented and explained by an engineer. The EAF was circulated to all involved agencies, and the Village

Board voted itself the lead agency. On October 20, 1987, a negative declaration on the sewer extension, which had been circulated for the required 30 days, was adopted. The negative declaration stated that the anticipated project impacts did "not exceed the criteria for the determination of significance as listed in Section 617.11 of SEQRA", and that the extension involved "the expansion of an existing system within a public right-of-way", which was "not expected to result in an increase in waste generation above what is currently permitted under an existing SPDES permit". The Village of Millbrook sewage treatment plant had a capacity of 250,000 gallons per day (hereinafter gpd), and currently used an average of only 110,000 gpd. Even if 45 homes along the extension hooked in, the resulting increase was expected to be in the range of only 10,000 to 12,000 gpd.

Following commencement of a proceeding pursuant to CPLR article 78, on December 10, 1987, the Supreme Court, Dutchess County (Beisner, J.), annulled the final approval of Ciferri's subdivision by the Town of Washington Planning Board, finding that the Planning Board had failed to comply with the literal requirements of SEQRA before granting it.

While that proceeding had been pending, the Town of Washington passed an Interim Development Law (Local Laws, 1987, No. 2 of Town of Washington), prohibiting, among other things, the building of any subdivisions which had not already obtained final approval, pending the revision of the town's existing land use, zoning and building construction laws and ordinances. This Interim Development Law, which had been subjected to SEQRA review, contained a provision authorizing the Town Board to grant variances from the moratorium in cases of "practical difficulty, unnecessary and unique hardship". Upon Ciferri's application, the Town Board approved a variance for his subdivision, finding that Ciferri had demonstrated practical difficulty, and unnecessary and unique hardship, in that the approval he had previously obtained through careful compliance with all local regulations had been lost, through no fault of his own, by the Town Board's failure to comply to the letter with the SEQRA process.

The instant CPLR article 78 proceeding was commenced to challenge both the sewer extension from the Village of Millbrook and the subdivision approval by the Town of Washington. The Supreme Court dismissed the proceeding, finding that the petitioner Cale, a tenant in the Village of Millbrook, had no standing to sue either the Village of Millbrook or the Town of Washington, and that the petitioner Schuman, a home-

owner in the Town of Washington, lacked standing to sue the Village of Millbrook. The Supreme Court also dismissed the petitioners' challenge to the town's issuance of a variance from its Interim Development Law, and it found that no impropriety, or appearance thereof, had been demonstrated on the part of the town or village in their respective approvals of the subdivision and the sewer extension.

We affirm.

Village resident Cale has no standing to sue the Town of Washington because the subdivision it approved is remote from her. She does not allege that construction of the subdivision will cause her any damage *(see, Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406; *Matter of Kucinski v Zoning Bd. of Appeals,* 148 AD2d 612). She also lacks standing to sue the Village of Millbrook, again because the sewer extension that it approved is at least a mile from her apartment. Moreover, her allegation that the expansion might make the sewer system inadequate for village residents, in violation of Village Law § 14-1404, is unsupported by the evidence—including the heavily qualified, speculative and unverified letter submitted by her engineer.

The petitioner Schuman lacks standing to sue the Village of Millbrook because he has failed to demonstrate that the sewer extension sanctioned by it would have a "harmful effect" on him or his property *(Glen Head—Glenwood Landing Civic Council v Town of Oyster Bay,* 88 AD2d 484, 490). Indeed, the evidence instead suggests that his property will increase in value because of the proximity to it of the Millbrook sewer extension.

We are aware of the very recent Court of Appeals decision in *Matter of Har Enters. v Town of Brookhaven* (74 NY2d 524) and find that the facts in that case are distinguishable from those at bar.

We find that the grant by the Town of Washington Town Board to Ciferri of a variance from its recently enacted Interim Development Law was rational and fair, and amply supported by the evidence in the record. Ciferri's predicament was unique, and his difficulties without the variance were unavoidable, since he had previously properly acquired town approval for his subdivision, which he subsequently lost through no fault of his own *(cf., Reed v Planning Bd.,* 120 AD2d 510; *Sackson v Zimmerman,* 103 AD2d 843). The Interim Development Law, which had been subjected to SEQRA review, expressly granted the Town Board the right to issue

variances in its discretion and we discern no basis for interfering with the court's exercise of discretion.

We have examined the petitioners' remaining contentions and find them to be without merit. Mangano, J. P., Brown, Kunzeman and Harwood, JJ., concur.