Van Voorhis, J.
 

 Crestview Chemists, Inc. (hereafter called Crestview) rents a pharmacy in a shopping center from its coplaintiff Cord Meyer Development Co., Inc. (hereafter called Cord Meyer) in Bayside, Queens. It is located in a commercially zoned area. Defendant Bell Bay Drugs, Inc. (hereafter called Bell Bay) rents space used as a pharmacy in a nearby professional medical building from defendant 212-26 Realty Co., Inc. (hereafter called Realty) which is located in a different zoning district in which professional medical offices are permitted but from which commercial businesses (including pharmacies) are excluded. Plaintiffs are suing for an injunction to restrain the conduct of a pharmacy by Bell Bay and for damages. The threshold question is whether plaintiffs have sustained special damage entitling them to sue. We are told that the lease between Crestview as tenant and Cord Meyer provided for payment of a fixed rental plus a percentage rental upon the volume of business transacted. This lease was offered in evidence for the purpose of showing that plaintiffs sustained special d.amage on account of the violation of the zoning ordinance by Bell Bay and Realty due to the diversion of business from Crestview .on account of business competition. The trial court excluded the lease and evidence that Crestview lost business to Bell Bay, and dismissed the complaint upon the ground that there was no violation of the zoning ordinance by Bell Bay.
 

 The Appellate Division held that there was a violation, and granted a new trial to determine whether Crestview and Cord Meyer had standing to sue. Bell Bay and Realty have appealed as of right upon stipulating for judgment absolute. Although
 
 *215
 
 we agree that the conduct of a pharmacy by Bell Bay in this professional building does constitute at least a formal violation of the zoning restriction to residential purposes, the order of Special Term dismissing the complaint should be reinstated for the reason that plaintiffs have not shown — even if the evidence that was excluded had been admitted — that they have standing to sue for an injunction or are entitled to recover damages.
 

 It has long been held that property owners have no vested rights to monopolies created by zoning laws or ordinances. These are not enforced at the instance of one competitor in order to prevent or reduce competition. The Appellate Division recognized this in the case at bar by stating tha
 
 t ‘
 
 a competitor may not obtain an injunction restraining violation of a zoning ordinance merely because he is a competitor (cf.
 
 Bazinsky
 
 v.
 
 Kesbec, Inc.,
 
 259 App. Div. 467, affd. on other grounds 286 N. Y. 655;
 
 Farr
 
 v.
 
 Zoning Bd. of Appeals,
 
 139 Conn. 577)”. This is well-established law (see 2 Rathkopf: The Law of Zoning and Planning [3d ed.], p. 40-14 citing
 
 Kamerman
 
 v.
 
 LeRoy,
 
 133 Conn. 232;
 
 Circle Lounge & Grille
 
 v.
 
 Board of Appeals of Boston,
 
 324 Mass. 427;
 
 Colantuoni
 
 v.
 
 Selectman of Belmont,
 
 326 Mass. 778;
 
 Zuckerman
 
 v.
 
 Board of Zoning Appeals of Stratford,
 
 144 Conn. 160). In the
 
 Circle Lounge & Grille
 
 case, the Supreme Judicial Court of Massachusetts, citing
 
 Bazinsky
 
 v.
 
 Kesbec, Inc. (supra)
 
 and
 
 St. Basil’s Church of Utica
 
 v.
 
 Kerner
 
 (125 Misc. 526, 531), said (p. 432) that, unless the statute indicates a contrary intent,
 
 “
 
 a proprietor in a less restricted zone is not a ‘ person aggrieved ’ within the meaning of the statute by the introduction into a more restricted zone of any use permitted in the zone in which the proprietor’s property is located. ’ ’
 

 The Massachusetts court said (p. 432) that
 
 “
 
 although a proprietor’s rights under the statute are not necessarily confined to his own zone, and may extend into another restricted zone, he is not entitled to protection greater than that afforded him in his own zone. That marks the outer limits of the rights intended to be conferred upon him.” Seemingly he would not be damaged.
 

 Rathkopf adds
 
 (op. cit.,
 
 p. 40-16), properly, that the fact that a person is a competitor does not change his status as an
 
 *216
 
 aggrieved person if he has a property interest (as distinguished from his business interest) which will be adversely affected.
 

 If the New York rule be as it is laid down in Massachusetts, upon citation of New York cases, then Crestview and Cord Meyer are not in position to enjoin Bell Bay. Crestview’s pharmacy is in a commercial zone, and it and its landlord are in no position to complain that Bell Bay is conducting a similar business in a residential zone. But that is not all. The only special damage which Crestview and Cord Meyer claimed at the trial was that the volume of Crestview’s drug business had been reduced by competition by Bell Bay. The alleged error in the exclusion of evidence at the trial which was offered by plaintiffs to prove special damage consisted solely in the exclusion of evidence that Crestview operated on a percentage lease from Cord Meyer and that the rent paid to Cord Meyer was reduced by shrinkage in its volume of sales induced by competition from Bell Bay. If the value of plaintiffs’ real property had been reduced, without regard to business competition, for example, by the operation nearby of a junkyard or slaughter house, it might well be that this would constitute such special damage as would entitle plaintiffs to injunctive relief. Even if the violator of the ordinance were conducting a similar business, it may well be, although we are not called upon to decide, that plaintiffs would be entitled to sue to restrain the violation if they could prove that the value of their property was decreased due to some offensive manner in which the business was conducted without relation to any competitive aspect.
 

 In reversing Special Term, the Appellate Division did not distinguish between decrease in value of real property due to competitors in the same business to which the real property is devoted, and depreciation resulting from other factors. The Appellate Division said that
 

 “ one who suffers special damages as the result of a violation of a zoning ordinance may obtain an injunction to prevent its continuance and damages
 
 (Graceland Corp.
 
 v.
 
 Consolidated Laundries Corp.,
 
 7 A D 2d 89, affd. 6 N Y 2d 900;
 
 Marcus
 
 v.
 
 Village of Mamaroneck
 
 [283 N. Y. 325];
 
 Rice
 
 v.
 
 Van Vranken,
 
 132 Misc. 82, affd. 225 App. Div. 179, affd. 255 N. Y. 541; cf.
 
 Bazinsky
 
 v.
 
 Kesbec
 
 [259 App. Div. 467, affd. on other grounds 286 N. Y. 655];
 
 Rose
 
 v.
 
 City of New Rochelle,
 
 19 Misc 2d 599;
 
 *217
 

 Blumberg
 
 v.
 
 City of New York,
 
 21 A D 2d 886, affd. 15 N Y 2d 791).
 

 “ The trial court erroneously excluded most of the evidence bearing on the issues of damages and whether plaintiffs sustained special damage (cf.
 
 Humphrey
 
 v.
 
 Trustees of Columbia Univ.,
 
 228 App. Div. 168;
 
 Fairview Hardware
 
 v.
 
 Strausman,
 
 9 A D 2d 944;
 
 Kennedy
 
 v.
 
 Abarno,
 
 277 App. Div. 883;
 
 Ripley Mfg. Corp.
 
 v.
 
 Roosevelt Field,
 
 18 A D 2d 924; 6 Carmody-Wait, New York Practice, p. 461). Accordingly, a new trial must be granted (cf.
 
 Graceland Corp.
 
 v.
 
 Consolidated Laundries,
 
 supra;
 
 Fairview Hardware
 
 v.
 
 Strausman, supra).”
 
 (25 A D 2d 744-745).
 

 It has long been held, and is generally provided in zoning ordinances or enabling acts, that the municipality may sue to enjoin violations
 
 (Town of Islip
 
 v.
 
 Summers Coal & Lbr. Co.,
 
 257 N. Y. 167). The general public cannot sue (Rathkopf, op. cit., p. 40-41 and cases cited). One who suffers special damages may bring an action for an injunction, however, as is stated in the opinion by the Appellate Division and is held in the cases cited in the excerpt from its opinion which has just been quoted. It it were true, as the latter part of the quotation from the Appellate Division says, that the trial court sustained objections to offers of evidence showing that plaintiffs did sustain special damage, this court would be required to grant judgment absolute on the stipulation. The error of the Appellate Division, as we view it, does not consist in misconstruction of the law that the admission of evidence of special damage is relevant in order to establish status in a private property owner to sue but, rather, in overlooking that the record of the trial indicates that nowhere did plaintiffs offer any evidence on that subject except to show that it was a percentage lease and that Crestview lost business as a result of Bell Bay’s competition.' The percentage lease arrangement does not alter the situation. If, for example, Cord Meyer had been operating a drugstore instead of leasing this portion of the shopping center for that purpose to Crest-view, and had lost business to Bell Bay, that would not constitute special damages giving Cord Meyer the right to equitable relief. Merely making a percentage lease cannot circumvent the rule that businesses acquire no vested interest in the monopolies or partial monopolies created by zoning ordinances, and have
 
 *218
 
 to show more than mere loss of business in order to suffer special damage. Otherwise all that would be necessary would be for the owner of commerical space to organize a subsidiary corporation and have it rent the premises on a percentage basis.
 

 Nothing in this record sustains the Appellate Division’s statement that the trial court excluded most of the evidence bearing on whether plaintiffs sustained special damage except that it excluded evidence that Crestview leased from Cord Meyer on a percentage basis and lost business through competition. That is all of the testimony which was offered by plaintiffs on this subject. Indeed, no witness was called for plaintiffs who was even claimed to be qualified to express an opinion on whether the presence of Bell Bay in this professional building depreciated the value, of the shopping center except because of pharmacist competition. In order to establish special damage it is necessary to show that there is some depreciation in the value of the premises as real property arising from the conduct of the forbidden use. Moreover here it is located in another use district and is the same kind of use that is permitted in plaintiffs’ district. The only witness called for plaintiffs on this subject was, as has been indicated, a pharmacist who was the president of Crestview. He did not assume to be an expert on real estate values. Plaintiffs’ counsel stated to the court only that he was qualifying him “as an expert on the question of the nature and type of business conducted by the defendant and show he is qualified to make that opinion as an expert.” Counsel added: “ I want to prove through him that they are running a commerical drug store, that they are only geared to run as a commercial drug store, that the whole setup of the drug store is a commerical drug store for consumption for the outside, and not geared for running as an ethical pharmacy, only as an accessory use for the building.” He was called as an expert to prove that Bell Bay was being operated as a commercial drugstore in violation of the zoning ordinance. To that extent his testimony has been accepted and followed by the Appellate Division and by this court. The issue on this phase of the case concerning which the court is in difference is whether there is any evidence that plaintiffs sustained special damage by way of depreciation in their real estate arising from the presence of this other drugstore regardless of whether the other drugstore
 
 *219
 
 is conducted in conformity with or in violation of the zoning ordinance. Plaintiffs cannot sue without showing special damage, and loss of volume of business due to competition is no evidence of special damage. It is a different situation from actions for damage based on breach of a negative covenant in a lease where a landlord is sued by one tenant for renting to another tenant in violation of an agreement to rent no other space in the building for the same use. Every case cited in the next to the last sentence above quoted from the opinion of the Appellate Division is of that nature, and none of those cases deal with violation of zoning ordinances. The point is that a tenant who is given an exclusive right to operate a drugstore or some other designated business in a building acquires a monopoly from the landlord by express agreement, whereas no monopoly rights are conferred by the mere existence of a zoning ordinance. In order to sue, a private property owner has to show that his real estate has been damaged by the nonconforming use which he seeks to restrain in some other manner than by interfering with his business.
 

 It is plain what type of evidence the trial court excluded, and its exclusion was not erroneous. In seeking to show special damage, plaintiffs’ trial counsel said that “we are damaged because in the lease it recites that we are compelled to pay a fixed rental plus a percentage rental, and I want to bring the lease in only for the purpose of indicating we have a percentage lease.” The theory on which plaintiffs claim to be damaged was characterized by the court as being “ that because of the unlawful operation of a drugstore by Bell Bay that you did lose business that you otherwise would have done; that if the other store wasn’t there, you would have done more business, as the result of which you would have made more profits; failing which, you suffered damages.” Again plaintiffs’ trial counsel said that Abrams (president of Crestview) “ is qualified as an expert to judge what the percentage of increase would be in a particular area, especially a new store, and with new apartment houses coming in, what the proportion of profit he would make, as an expert.”
 

 All of this is irrelevant and immaterial inasmuch as the excluded testimony was offered solely on the basis of showing that plaintiffs were damaged by reason of business competition.
 
 *220
 
 There was, therefore, no error in the exclusion of this evidence on account of which this court could give judgment against defendants-appellants on their stipulation for judgment absolute. We do not hold that the trial court was not in error in ruling that there was no violation of the zoning ordinance, but plaintiffs had to prove in addition that they had the right to maintain the action on account of having suffered special damage of which there is no evidence in the record. The evidence which was excluded would have had no probative force to establish the point at issue if it had been admitted. Therefore, the order appealed from should be reversed, with costs in this court and in the Appellate Division, and the complaint dismissed for the reason that plaintiffs have not established that they are parties aggrieved and entitled to maintain an action for injunctive relief.
 

 Chief Judge Fuld and Judges Scileppi, Bergan, Keating and Breitel concur with Judge Van Voorhis; Judge Burke dissents and votes to affirm and to remand to Supreme Court, Queens County, for entry of judgment absolute granting an injunction.
 

 Order of Appellate Division reversed and judgment of the Supreme Court, Queens County, reinstated, with costs in this court and in the Appellate Division, in accordance with the opinion herein.