■ BERNARD ILSON et al., Appellants, v INCORPORATED VILLAGE OF OCEAN BEACH et al., Respondents.—In an action for a declaratory judgment, a permanent injunction and monetary damages, plaintiffs appeal

from so much of an order of the Supreme Court, Suffolk County, dated September 28, 1979, as, upon granting plaintiffs' motion for summary judgment to the extent of declaring void the granting of the application of defendant Abe Silverman for a permit to extend the deck on his home, denied summary judgment with respect to the remaining causes of action (to enjoin defendants Silverman from maintaining the extended sun deck and for money damages resulting from plaintiffs' alleged loss of privacy and use and enjoyment of their abutting property) and dismissed those causes of action. Order modified, on the law, by adding thereto a provision remanding the matter to the Zoning Board of Appeals of the Incorporated Village of Ocean Beach for a public hearing and determination *de novo* on the application for the subject variance. As so modified, order affirmed insofar as appealed from, with one bill of $50 costs and disbursements payable jointly to defendants appearing separately and filing separate briefs. In this action plaintiffs, owners of premises abutting that of defendants Silverman, sought, *inter alia,* to declare void and illegal the granting of a variance permitting the Silvermans to extend their sun deck within eight feet of plaintiffs' property. By virtue of the zoning ordinance of the defendant village (art 2, § 6), the rear or side wall of any building or any projection or pediment thereof shall not be less than eight feet from the rear or side property lines, respectively, of the plot on which such building, projection or pediment is located. In addition to declaratory relief, plaintiffs also sought (1) to enjoin the Silvermans from maintaining the sun deck as extended by them under the variance, and (2) money damages against the Silvermans, the Incorporated Village of Ocean Beach, and the individual members of the village's zoning board of appeals. The record reveals that sometime in 1974, the Silvermans retained a contractor for the purpose of constructing an extension to their existing sun deck. The existing structure extended 13 feet, 4 inches parallel to their northern property line and eight feet parallel to their eastern property line. The Silvermans' property abuts that of plaintiffs on both its northern and eastern lines. The proposed extension of the sun deck was to be approximately seven feet in length and approximately nine feet in width. The eastern side of the proposed structure, when completed, would project to within four feet, two inches of the Silvermans' easterly property line abutting plaintiffs' property. Acting upon the Silvermans' instructions, the contractor submitted two applications to the village building inspector for a permit to construct the proposed sun deck extension. The dimensions set forth in the second application for the proposed extension varied slightly and nominally from those contained in the first. The applications were denied by the building inspector on June 22, 1974 and August 22, 1974, respectively, because the proposed construction did not meet the side yard regulations set forth in the zoning ordinance. However, on August 26, 1974, the village's zoning board of appeals granted the Silvermans' request for a variance to build the extension in accordance with the second of the plans submitted by them. The board failed to give notice of a public hearing or conduct such a hearing on the Silvermans' application for a variance prior to its determination as required under the village zoning ordinance (art 4, § 3, subd [a]). In December, 1975 the plaintiffs commenced the instant action. By that time the Silvermans had built the extension and also reduced its size to conform to the sketch that was submitted with their second building application, the one ap-

proved by the board. According to their complaint and the affidavit in support of their motion for summary judgment, plaintiffs contend, *inter alia,* that as a result of the construction and extension of the sun deck by the Silvermans, stemming from the granting of the variance, the value of plaintiffs' property has been diminished, they have sustained a loss of privacy of their property, proper and complete drainage has been reduced, the safety and general welfare of the plaintiffs and occupants of their property has been endangered and the construction and extension was contrary to the public interest and the spirit, intent and design of the zoning ordinance. We concur with the determination of Special Term (1) dismissing the causes of action seeking an injunction and monetary damages and (2) declaring the granting of the variance by the zoning board of appeals to be void on the ground that the board failed to give notice or hold a hearing on the application as required by the village zoning ordinance. With respect to plaintiffs' request to have the Silvermans enjoined from using and maintaining the sun deck, the law is settled that an individual property owner may not maintain an action for an injunction to restrain an alleged violation of an ordinance in the absence of a showing of special damage or injury occasioned thereby *(Barnathan v Garden City Park Water Dist.,* 21 AD2d 832; *Kempner v Bello Nurseries,* 31 AD2d 748; cf. *Cord Meyer Dev. Co. v Bell Bay Drugs,* 20 NY2d 211). Notwithstanding the fact that the zoning board of appeals erred in approving the application for a variance without first conducting a public hearing thereon following sufficient public notice, nowhere in plaintiffs' complaint or moving papers is there any showing that they sustained special damages or injuries as a result of the subject construction. Specifically, the claims by plaintiffs, *inter alia,* of diminution of the value of their property, loss of privacy, reduced drainage, and general danger to the health, safety and welfare of themselves and their invitees are conclusory in nature and not substantiated in plaintiffs' moving papers. Moreover, the cause of action against the Silvermans for monetary damages is likewise without merit. As succinctly stated by Special Term in rejecting such claim, the Silvermans at all times acted in accordance with a permit granted by public officials authorized to grant it, and in so doing committed no wrong against the plaintiffs. "For an act or omission to constitute a tort there must exist a right and a duty and conduct constituting a breach of duty or a violation of a right" *(Grafer v Marko Beer & Beverages,* 36 AD2d 295, 296, app dsmd 29 NY2d 641). We also conclude that the dismissal by Special Term of the claims of plaintiffs for monetary damages against the village and the members of its zoning board of appeals was in accordance with established law even though the board was without jurisdiction to grant the variance and the village was therefore without authority to issue the building permit. The grant or denial of a variance or building permit is a discretionary exercise of a governmental function for which no liability for monetary damages falls upon either the municipality or the officials rendering such determination (cf. *Rottkamp v Young,* 21 AD2d 373, affd 15 NY2d 831; *Pansa v Sitrin,* 27 AD2d 636). However, since the granting of the subject variance and building permit ensuing therefrom was concededly a nullity because of the board's failure to hold a public hearing on the application, we are constrained to remand the matter to that body for a hearing in accordance with the applicable provisions of the village zoning ordinance. Mollen, P. J., Titone, O'Connor and Weinstein, JJ., concur.