■ In the Matter of SUN-BRITE CAR WASH, INC., Respondent, v BOARD OF ZONING AND APPEALS OF THE TOWN OF NORTH HEMPSTEAD et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a determination of the appellant Board of Zoning and Appeals of the Town of North Hempstead which granted the application of the appellants Gulf Oil Corp. and Fenley & Nicol Co., Inc. for a use variance, the appeals are from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered November 7, 1984, which granted the petition, annulled the determination and directed the Board to issue a new determination denying the application.

Judgment reversed, on the law, with one bill of costs to appellants Gulf Oil Corp. and Fenley & Nicol Co., Inc. and petition dismissed.

The appellants Gulf Oil Corp. and Fenley & Nicol Co., Inc. submitted an application to the appellant Board of Zoning and Appeals of the Town of North Hempstead for a use variance to construct an automatic car wash upon certain premises. Petitioner, the Sun-Brite Car Wash, Inc., is the commercial lessee of a parcel located approximately 500 yards from the subject property and operates a full-service car wash at that location. When the application was granted by the Board, the petitioner instituted this CPLR article 78 proceeding to review its determination. The record reveals that the petitioner's only substantiated objection to the granting of the variance in this case is the claim that it would result in competition for its business. Under the circumstances petitioner is not aggrieved by the determination sought to be reviewed and therefore lacks standing to bring this CPLR article 78 proceeding (Town Law § 267 [7]; *see, e.g., Cord Meyer Dev. Co. v Bell Bay Drugs,* 20 NY2d 211; *Matter of Paolangeli v Stevens,* 19 AD2d 763).

In view of the foregoing we do not reach any other issue. Gibbons, J. P., Bracken, Lawrence and Kunzeman, JJ., concur.