## SECOND DEPARTMENT, MARCH, 1986

### (March 3, 1986)

■ ALLEN AVIONICS, INC., et al., Appellants, v UNIVERSAL BROADCASTING CORP. et al., Respondents.—In an action for a permanent injunction enjoining the construction of a radio tower in the Incorporated Village of Mineola, the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (McGinity, J.), entered August 21, 1984, which, after a nonjury trial, dismissed their complaint.

Judgment affirmed, with costs.

The plaintiffs instituted the instant action seeking, *inter alia,* to enjoin defendant Universal Broadcasting Corp. from constructing a 250-foot radio broadcast tower on premises located in the Village of Mineola's M-1 "light industrial" zone. The plaintiffs, who own land adjacent to the proposed construction site, contend, *inter alia,* that a radio tower is not a permitted use in the M-1 zone, and further contend that the site plans submitted for the construction of the tower are incomplete, and thus pose an imminent threat of irreparable harm due to the possibility of collapse.

A trial was held at which the plaintiffs and the defendants offered, *inter alia,* expert testimony with respect to the question of whether the tower to be constructed posed any threat to the safety of persons or property within the vicinity of the site. The plaintiffs' expert offered his opinions that the construction plans contained various omissions, and further stated that, in his view, the poor quality of the foundation soil, in conjunction with the absence of horizontal bracing, rendered the tower potentially unstable. Howard Lieberman, designer of the construction plan, who was called by defendant Universal, disputed this contention, stating that the concrete foundation supports prescribed by the construction plans were more than adequate to ensure the stability of the tower. Moreover, it was stated by the defendants' experts that plans submitted to building authorities typically omit certain design specifications which would be inserted, in this particular case, by the tower fabricators when the more detailed shop

drawings are produced. The defendants' experts examined both the construction plans and the fabricators' drawings in rendering their opinions that the tower could be constructed safely. The plaintiffs' expert, on the other hand, examined only the submitted plans in rendering his opinion.

After a nonjury trial, Special Term found entirely unproven the allegation that the plaintiffs were in any sense endangered or imminently threatened by the risk of potential injury if the tower were to be erected as planned. The court, in fact, characterized the proof adduced with respect to the claim of collapse as "highly speculative and unsupported by the evidence" and determined that the plaintiffs had failed to establish that their property would be subject to any diminution in value by virtue of the construction of the tower. Based on the foregoing failure of proof, Special Term concluded, as a threshold matter, that the plaintiffs, having established no threat of injury or diminution of property value, lacked standing to maintain the suit. We agree with Special Term's conclusion and affirm.

It is well settled that "in order to maintain a private action to enjoin a zoning violation, plaintiffs must establish that they have standing to do so by demonstrating that they have sustained special damages by virtue of the defendants' activities" (Guzzardi v Perry's Boats, 92 AD2d 250, 253). It has been stated by the Court of Appeals that, "[i]n order to establish special damage it is necessary to show that there is some depreciation in the value of the premises as real property arising from * * * the forbidden use" (Cord Meyer Dev. Co. v Bell Bay Drugs, 20 NY2d 211, 218).

In the instant case, the court's finding that the plaintiffs failed to sustain their burden of proof on the issue of potential injury was predicated, in significant part, upon the court's assessment of the quality of the testimony of the plaintiffs' expert. The weight to be attributed to expert testimony is a question for the trier of fact (see, Felt v Olson, 74 AD2d 722, 723, affd 51 NY2d 977; Richardson, Evidence § 368, at 343 [Prince 10th ed]). After reviewing the record, including the testimony of the expert witnesses, we conclude that the evidence supports Special Term's finding that the plaintiffs failed to establish that the construction of the defendant Universal's radio broadcast tower would result in an imminent threat of irreparable injury or result in the diminution of the value of the plaintiffs' property. Moreover, we reject the plaintiffs' alternative standing contention, i.e., that they possess standing as taxpayers to maintain the suit. In contrast to the Town

Law *(see,* Town Law § 268 [2]), the Village Law confers upon taxpayers no right to maintain a private action to enjoin an alleged violation. Having found that the plaintiffs lacked standing to maintain the suit, it is unnecessary to reach the merits of the plaintiffs' claims. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.