■ AUSTIN & COMPANY, INC., Respondent, v H. D. REICHERT CONSTRUCTION CORPORATION et al., Appellants, et al., Defendant.—Weiss, J. Appeal from an order of the Supreme Court (Prior, Jr., J.), entered July 1, 1988 in Albany County, which granted plaintiff's motion for summary judgment.

Plaintiff, an insurance brokerage company, commenced this action in April 1987 to recover the premium balance due for insurance and bonds furnished to defendants H. D. Reichert Construction Corporation and Beltrone Construction Company, Inc. After joinder of issue and the completion of discovery, plaintiff successfully moved for summary judgment to recover a balance of $186,236.69. This appeal ensued.

As a threshold matter, plaintiff urges that this court lacks

subject matter jurisdiction to entertain the appeal due to defendants' failure to timely serve and file a notice of appeal within 30 days after service of the order appealed from, with notice of entry (see, CPLR 5513, 5515). It is firmly established that an appellate court's power of review is contingent upon the filing of a timely notice of appeal (see, *Hecht v City of New York*, 60 NY2d 57, 61). Unfortunately, defendants neither address this issue in their main brief nor submitted a brief in reply to plaintiff's objection. The record indicates that the underlying "order and judgment" was entered on July 1, 1988. Insofar as here pertinent, the second decretal paragraph awarded plaintiff "judgment in the amount of * * * ($186,236.69) together with *interest* at the statutory rate" (emphasis supplied). A conformed copy of this order together with written notice of its entry (CPLR 5513) was personally served on defendants' attorney on July 1, 1988, but omitted the italicized term.* Upon discovering the omission, plaintiff's attorney forwarded a second, corrected copy of the order by letter dated July 6, 1988. Thereafter, defendants filed their notice of appeal on August 4, 1988.

The question thus presented is whether the first conformed copy of the order commenced the running of the 30 days in which to take an appeal. Statutes which regulate the right to appeal are traditionally accorded a strict construction (see, *Nagin v Long Is. Sav. Bank*, 94 AD2d 710, *lv denied* 63 NY2d 603). Nonetheless, we find the omission of the word "interest" inconsequential when considered in context (see, *Guarantee Trust & Safe Deposit Co. v Philadelphia, Reading & New England R. R. Co.*, 160 NY 1, 8-9; 7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5513.03). The error was a simple one-word omission and certainly not a departure from the rules of practice or a substantial alteration of the original order (*cf.*,

---

* Although not a problem in this particular case, we take this opportunity to discuss a situation in need of legislative attention. Pursuant to CPLR 5513, the 30-day time period within which to take an appeal as of right or move for permission to appeal does not begin to run until the judgment or order is served on the opposing party with written notice of its entry. This critical date of when service of the judgment or order with written notice of its entry is made on the opposing party is often impossible to ascertain upon a review of a record on appeal, thereby hindering appellate courts in determining whether an appeal was timely taken and thus properly within the court's jurisdiction (see, Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5513:1, at 138). This problem arises because the date of service is not required by the CPLR to be recited in any particular document, such as the notice of appeal (CPLR 5515) and the statement describing the action (CPLR 5531).

*Masters, Inc. v White House Discounts,* 119 AD2d 639, 640). In our view, the copy served satisfied the requirements of CPLR 5513. Accordingly, defendants' failure to timely appeal within 30 days bars the instant appeal *(see, Matter of Malik v Coughlin,* 127 AD2d 948, 949).

Appeal dismissed, without costs. Mahoney, P. J., Weiss, Mikoll, Yesawich, Jr., and Levine, JJ., concur.