■ DONALD SANTULLI et al., Respondents, v FRANCIS DRYBKA et al., Appellants. [602 NYS2d 151] —In an action to enjoin the defendants from performing construction on a building, the defendants appeal from an order of the Supreme Court, Queens County (Rosenzweig, J.), dated June 13, 1991, which granted the plaintiffs' motion for a preliminary injunction enjoining the defendants from violating a stop work order during the pendency of the action and denied the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion is denied, and the defendants' cross motion for summary judgment dismissing the complaint is granted.

The plaintiffs, who owned residential property adjacent to the defendants' property, complained to the New York City Department of Buildings (hereinafter the Department of

Buildings) that the construction the defendants were undertaking on a building on the defendants' property violated various provisions of the Administrative Code of the City of New York. The Department of Buildings issued a stop work order. The plaintiffs commenced this action and moved for a preliminary injunction enjoining the defendants from violating the stop work order. The Supreme Court issued the requested relief. We now reverse.

In order to maintain a private action to enjoin a zoning violation, a plaintiff must establish that he has standing to do so by demonstrating that special damages were sustained due to the defendant's activities (see, Guzzardi v Perry's Boats, 92 AD2d 250, 253). The plaintiffs failed to establish that they sustained special damages because they failed to show, through specific, detailed, evidence, that they actually suffered a diminution of the value of their home and property and that there was some depreciation in its value which arose from the defendants' conduct (see, Cord Meyer Dev. Co. v Bell Bay Drugs, 20 NY2d 211, 218). The plaintiffs' unsupported assertions are insufficient to demonstrate the existence of special damages, and the plaintiffs therefore lacked standing to bring this action.

We also note that the Supreme Court's issuance of the preliminary injunction was improper because the plaintiffs, who lacked standing to bring the instant action, did not demonstrate a likelihood of ultimate success on the merits (see, Buegler v Walsh, 111 AD2d 206, 207). Furthermore, the plaintiffs did not demonstrate that they would suffer irreparable injury if injunctive relief were to have been denied (see, Merrill Lynch Realty Assocs. v Burr, 140 AD2d 589, 593). Mangano, P. J., Balletta, Eiber and Ritter, JJ., concur.