■ Rod Futerfas et al., Respondents-Appellants, v Lester R. Shultis, Appellant-Respondent. [618 NYS2d 127] —Cardona, P. J. Cross appeals from a judgment of the Supreme Court (Torraca, J.), entered March 29, 1993 in Ulster County, which, *inter alia,* permanently enjoined defendant from operating a sawmill on his property and awarded plaintiffs nominal damages, and appeals (1) from an order of said court, entered August 14, 1992 in Ulster County, which granted plaintiffs' motion for summary judgment, (2) from an order of said court, entered March 29, 1993 in Ulster County, which denied defendant's motion for reconsideration, (3) from a judgment of said court, entered June 24, 1993 in Ulster County, which, *inter alia,* permanently enjoined defendant from operating a sawmill on his property and awarded plaintiffs nominal damages, and (4) from an order of said court, entered December 3, 1993 in Ulster County, which denied defendant's motion to vacate said judgment.*

---

* Defendant's attempt to appeal from an order entered January 4, 1994

Plaintiffs and defendant are adjoining landowners and owners of single-family residences located in a residentially zoned area in the Town of Woodstock, Ulster County. Defendant's property consists of approximately 2.2 acres which were, at one time, part of a 500-acre tract (hereinafter the farm property). The farm property had been in defendant's family for five generations before it was sold by defendant and his uncle to a third party in 1987, and it had been the site of various lumber-cutting and milling operations over the years.

In May 1989, the Town passed a revised zoning ordinance which contained, *inter alia,* nonconforming use provisions. In August 1989, defendant, who had continued to run a small-scale lumber business under an agreement with the new owner that permitted him to harvest wood from the farm property, purchased a band saw or sawmill which he placed on his property. With the sawmill, defendant's wood-cutting capability increased, with the result that the amount of board lumber stored on his property increased from 2,000 feet to 4,000 or 5,000 feet. Additionally, defendant stored 3,000 feet of logs on his property, which he brought over from the farm property or received from others who wanted the logs custom sawed. Defendant also purchased a wood chipper and began storing and selling wood chips.

Plaintiffs commenced this private action seeking to enjoin an alleged zoning violation and to obtain damages based upon nuisance. Following defendant's deposition, plaintiffs moved for and were granted summary judgment. Following a hearing on damages, Supreme Court awarded plaintiffs $1 and permanently enjoined defendant from operating the sawmill on his property. Subsequent motions by defendant for reconsideration and to vacate the judgment were denied. These appeals ensued.

In order to maintain a *private* action to enjoin a violation of a zoning ordinance and obtain damages, a property owner must establish special damages due to the defendant's activities *(see, Little Joseph Realty v Town of Babylon,* 41 NY2d 738, 741-742; *Cord Meyer Dev. Co. v Bell Bay Drugs,* 20 NY2d 211, 217-218; *Santulli v Drybka,* 196 AD2d 862, 863; *Allen Avionics v Universal Broadcasting Corp.,* 118 AD2d 527, 528,

denying his motion to strike allegedly scandalous matter pursuant to CPLR 3024 and his motion for summary judgment dismissing the complaint, as indicated by his CPLR 5531 statement, is ineffective due to his failure to take an appeal as evidenced by the filing of a notice of appeal *(see,* CPLR 5515).

*affd* 69 NY2d 406; *Guzzardi v Perry's Boats,* 92 AD2d 250, 253). The Court of Appeals has stated that " '[i]n order to establish special damage it is necessary to show that there is some depreciation in the value of the premises as real property arising from * * * the forbidden use' " *(Allen Avionics v Universal Broadcasting Corp., supra,* at 528, quoting *Cord Meyer Dev. Co. v Bell Bay Drugs, supra,* at 218). Neither plaintiffs' submissions in support of their motion for summary judgment nor their subsequent testimony at the hearing on damages contained "specific, detailed, evidence" of a diminution in the value of their property as the result of defendant's business activities *(Santulli v Drybka, supra,* at 863; *see, Guzzardi v Perry's Boats, supra,* at 253). Absent proof of special damages, the award of summary judgment to plaintiffs on their cause of action for injunctive relief was improper.

Plaintiffs also failed to tender sufficient proof to establish their entitlement to summary judgment as a matter of law on their cause of action for nuisance. The elements of a private nuisance cause of action are "(1) an interference substantial in nature, (2) intentional in origin, (3) unreasonable in character, (4) with a person's property right to use and enjoy land, (5) caused by another's conduct in acting or failure to act" *(Copart Indus. v Consolidated Edison Co.,* 41 NY2d 564, 570). "The issue of whether a use constitutes a private nuisance ordinarily turns on questions of fact" *(Murray v Young,* 97 AD2d 958). Here, questions of fact exist with respect to the first and third elements above, thereby precluding summary judgment. Plaintiffs concede that defendant's sawing activity is not readily visible from their home but only from their driveway. Furthermore, there was conflicting testimony regarding the level and duration of the noise created by the sawing activity. We need not consider defendant's remaining arguments.

Based upon the foregoing, we reverse the judgments entered March 29, 1993 and June 24, 1993 and the order entered August 14, 1992, deny plaintiffs' motion for summary judgment and, accordingly, reinstate defendant's answer. Defendant's remaining appeals from the orders of March 29, 1993 and December 3, 1993 denying the motions for reconsideration and to vacate the judgment, as well as plaintiffs' cross appeal from the judgment of March 29, 1993, are dismissed as academic.

Mikoll, Crew III and Yesawich Jr., JJ., concur. Ordered that the judgments entered March 29, 1993 and June 24, 1993, and order entered August 14, 1992, are reversed, on the law, with

costs to defendant, plaintiffs' motion for summary judgment denied and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision. Ordered that the appeals from orders entered March 29, 1993 and December 3, 1993, and cross appeal from judgment entered March 29, 1993, are dismissed, as academic.