■ FAITH HITCHINGS, Respondent, v VILLAGE OF SYLVAN BEACH, Defendant, and THOMAS DIXON et al., Appellants. (Appeal No. 1.) [635 NYS2d 381] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking to enjoin the Village of Sylvan Beach (defendant) from issuing an area variance to defendants Thomas and Kimberly Dixon, and to enjoin the Dixons from continuing to maintain their residence on property adjacent to plaintiff in violation of the Village zoning ordinance. The Dixons appeal from an order denying their motion to dismiss the complaint.

Supreme Court properly denied that motion. The action for injunctive relief is not rendered moot by the completion of construction. Further, the CPLR article 78 proceeding commenced by plaintiff's predecessor in interest seeking annulment of a determination of the Village Zoning Board of Appeals (ZBA) that granted an area variance did not constitute "another action pending" under CPLR 3211 (a) (4). The Dixons, though granted permission to intervene for the purpose of taking an appeal, were not otherwise parties to the CPLR article 78 proceeding. Thus, the other action did not involve the same parties or the same cause of action.

The court erred, however, in granting the subsequent motion

by plaintiff for summary judgment. A private person seeking to enjoin permanently the continued violation of a zoning regulation must establish that he has or will suffer irreparable harm or a diminution in property value because of the violation *(Allen Avionics v Universal Broadcasting Corp.,* 118 AD2d 527, 528, *affd* 69 NY2d 406, *rearg denied* 70 NY2d 694; *Futerfas v Shultis,* 209 AD2d 761, 762). General or conclusory allegations of loss of privacy and green space and a decrease in property value are insufficient to entitle a party to judgment as a matter of law *(Allen Avionics v Universal Broadcasting Corp.,* 69 NY2d 406, 416, *supra; Ilson v Incorporated Vil. of Ocean Beach,* 79 AD2d 697, 699). Plaintiff submitted no evidence of irreparable harm or a decrease in property value. The court properly denied the cross motion of the Dixons for summary judgment because they likewise failed to submit evidence sufficient to negate the existence of a triable issue of fact.

Lastly, we reject the contention of the Dixons that the portion of the residence invading the setback requirement of the ordinance beyond the line established by a prior nonconforming use constituted a bay window structure exempt from the setback requirement. The Village zoning ordinance provides an exemption for bay window structures that do not invade the 10-foot setback requirement by more than three feet. The Dixons concede that the structure is 3.5 feet from the property line. Thus, it invades the setback requirement of the ordinance by 6.5 feet. Further, the ordinance prohibits the enlargement or expansion of a nonconforming use and does not include an exemption from that requirement for bay window structures. (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Dismiss Complaint.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.