■ ASSOCIATION OF FRIENDS OF SAGAPONACK, Plaintiff, and ALLAN STILLMAN et al., Appellants, v IRA RENNERT et al., Respondents. [719 NYS2d 690] —In an action, *inter alia*, pursuant to Town Law § 268 (2) for injunctive relief and for a judgment declaring certain building permits issued by the defendant Chief Building Inspector of the Town of Southampton to be null and void, the plaintiffs Allan Stillman, Joseph Dilworth, Clay D. Dilworth, and Joseph Zicherman appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated August 5, 1999, as granted the respective motions pursuant to CPLR 3211 (a) (7) of the defendants to dismiss the complaint insofar as asserted on their behalf, and (2) from an order of the same court, also dated August 5, 1999, which denied their motion for a preliminary injunction and to require the defendants Ira Rennert and Blue Turtles, Inc., to post a removal bond.

Ordered that the order granting the defendants' respective motions to dismiss the complaint insofar as asserted on behalf of the appellants is affirmed insofar as appealed from, and the matter is remitted to the Supreme Court, Suffolk County, for entry of a judgment in favor of the respondents declaring that the building permits are valid; and it is further,

Ordered that the appeal from the order denying the motion for a preliminary injunction and to require the defendants Ira Rennert and Blue Turtles, Inc., to post a removal bond is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

We agree with the Supreme Court's determination that since the defendant Chief Building Inspector of the Town of Southampton (hereinafter the Building Inspector) was authorized to issue the building permits in reliance on the final approval of the Architectural Review Board of the building permit applications (*see, Matter of Sagaponack Homeowners Assn. v Chief Bldg. Inspector of Town of Southampton*, 279 AD2d 579 [decided herewith]), no cause of action lies under Town Law § 268 (2) against Ira Rennert and Blue Turtles, Inc. (*see, Forget v Raymer*, 65 AD2d 953). In addition, no cause of action against the Town of Southampton, the Building Inspector, or the Supervisor of the Town of Southampton exists under that statute (*see*, Town Law § 268 [2]). Similarly without merit are the

remaining causes of action which are based on the alleged improper issuance of the building permits.

We note, however, that since this is, in part, a declaratory judgment action, a judgment should be entered granting declaratory relief in favor of the respondents (*see, Lanza v Wagner,* 11 NY2d 317, 334, *appeal dismissed* 371 US 74, *cert denied* 371 US 901).

In light of our determination on the appeal from the order dismissing the complaint, the appeal from the order which, *inter alia,* denied the plaintiffs' motion for a preliminary injunction, is academic. Altman, J. P., Goldstein, McGinity and Schmidt, JJ., concur.