■ In the Matter of JOSEPH A. STUMPO, Appellant, v VINCENT M. DEMARTINO, Individually and Doing Business as DEMARTINO CONSTRUCTION, et al., Respondents. [725 NYS2d 244] —Judgment unanimously reversed on the law without costs, motion denied and petition reinstated. Memorandum: Supreme Court erred in granting respondents' motion seeking dismissal of the petition on the ground that petitioner failed to allege special damages and thus lacked standing. Petitioner commenced this proceeding seeking to enjoin respondents from operating a commercial enterprise at 2417 Independence Avenue in the City of Niagara Falls. Contrary to the court's determination, the allegation by petitioner of a diminution in his property value has long been recognized as the type of special damages that if proved would permit a private party to enjoin a zoning violation (*see, Cord Meyer Dev. Co. v Bell Bay Drugs,* 20 NY2d 211, 217-219, *rearg denied* 20 NY2d 970; *see also, Hitchings v Village of Sylvan Beach,* 221 AD2d 926). While general allegations of a diminution in property value are insufficient to entitle a party to judgment as a matter of law (*see, Hitchings v Village of Sylvan Beach, supra,* at 927), they are sufficient to withstand a motion to dismiss where, as here, petitioner has not had the opportunity to submit proof of special damages. In any event, a property owner in "proximity to premises that are the subject of a zoning determination may have standing to seek judicial review without pleading and proving special damage, because adverse effect or aggrievement can be inferred from the proximity" (*Matter of Sun-Brite Car Wash v Board of Zoning & Appeals,* 69 NY2d 406, 409-410). Here, the properties are separated by a 16-foot alley, and thus adverse effect or aggrievement may be inferred. (Appeal

from Judgment of Supreme Court, Niagara County, Joslin, J.—
CPLR art 78.) Present—Pigott, Jr., P. J., Pine, Wisner, Scudder and Burns, JJ.