■ Ronald W. Fike et al., Appellants-Respondents, v Town of Webster et al., Respondents-Appellants. [782 NYS2d 491]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Andrew V. Siracuse, J.), entered April 16, 2003. The order denied plaintiffs' application for leave to serve a late notice of claim and denied defendants' cross motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the cross motion and dismissing the complaint and as modified the order is affirmed without costs.

Memorandum: Supreme Court did not abuse its discretion

when it denied plaintiffs' application for leave to serve a late notice of claim (*see Matter of Plante v County of Rensselaer*, 203 AD2d 835, 835-836 [1994]). Although it was not necessary for plaintiffs to establish the merits of the claim conclusively, we note that, in the notice of claim, plaintiffs allege "various acts of wrongdoing" arising from the denials of their application for an area variance and their related requests for documents under the Freedom of Information Law (Public Officers Law art 6). The denial of a variance does not constitute a tort, but rather, is a discretionary exercise of a government function for which no monetary liability attaches (*see Ilson v Incorporated Vil. of Ocean Beach*, 79 AD2d 697, 699 [1980]).

The court erred, however, in denying defendants' cross motion to dismiss the complaint. In our view, plaintiffs fail to state any cognizable cause of action based upon state law. Their state law claims are grounded in part on alleged violations of New York Constitution, article I, § 6, which includes the right to due process, and article I, § 11, which concerns equal protection rights. We conclude that those state constitutional claims are insufficient for the same reasons that we conclude herein that plaintiffs' federal constitutional claims are insufficient. The alleged violations of Public Officers Law § 106 (3) and Town Law § 267-a concern municipal administrative matters and were properly brought up in plaintiffs' prior CPLR article 78 proceeding (*see Matter of Fike v Zoning Bd. of Appeals of Town of Webster*, 2 AD3d 1343 [2003]). Because they concern the discretionary exercise of governmental functions, no basis exists for litigating those alleged violations in a civil action premised upon a theory of wrongful conduct and/or negligence (*see e.g. Ilson*, 79 AD2d at 699). Plaintiffs also failed to allege a cognizable claim based upon an alleged violation of Public Officers Law § 89 (8).

With regard to their federal claims, even according plaintiffs the benefit of every possible favorable inference (*see Harrison v Constantino*, 2 AD3d 1315, 1316 [2003]), we conclude that they fail to state a viable cause of action pursuant to 42 USC § 1983 or the United States Constitution. Plaintiffs do not allege that defendants maintained an official policy or custom of denying area variances (*see Board of County Commrs. of Bryan County, Okla. v Brown*, 520 US 397, 403-404, [1997], *reh denied* 520 US 1283 [1997]), nor have plaintiffs alleged facts demonstrating that they have been deprived of any rights guaranteed under the Fifth, Sixth and Fourteenth Amendments. They have failed to state cognizable claims based on the Equal Protection Clause, and their claim of a denial of procedural due process fails

because they were afforded a hearing and the opportunity for further review via a CPLR article 78 proceeding (*see Gudema v Nassau County*, 163 F3d 717, 724-725 [1998]). Any claim that the denial of the area variance was a taking without just compensation in violation of the Fifth and Fourteenth Amendments must also fail because there are no allegations that plaintiffs had a protectable property interest in the grant of an area variance (*cf. Town of Orangetown v Magee*, 88 NY2d 41, 52-53 [1996]). To the extent that plaintiffs seek to assert a violation of their substantive due process rights, plaintiffs have failed to allege facts demonstrating that defendants' actions were "wholly without legal justification" (*Bower Assoc. v Town of Pleasant Val.*, 2 NY3d 617, 627 [2004]). We therefore modify the order by granting defendants' cross motion and dismissing the complaint, and we otherwise affirm. Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.