ARTHUR MARLOWE et al., Appellants, v ELMWOOD, INC., et al., Respondents. [784 NYS2d 206]—

Spain, J. Appeal from an order of the Supreme Court (Hummel, J.), entered March 14, 2003 in Ulster County, which, inter alia, granted defendants' motion for partial summary judgment dismissing the complaint.

Plaintiffs are taxpayers who own residential property in the Town of Greenburgh, Westchester County, which is adjacent to the Elmwood Country Day School, a year-round school founded and in operation since 1957. Since 1986, defendants have owned and operated the school and its summer day camp programs under the direction of Jeffrey Ackerman, the principal and officer of both. From its inception a preschool program has been operated at the school and, during summer months, a summer program for children ages 3 to 11, pursuant to a certificate of

occupancy issued by the Town Building Inspector in 1958.* Over the years, numerous improvements and additions to the school's recreational facilities were undertaken, most with town approval, including the granting of a special permit in 1965, and enrollment has significantly expanded. Plaintiff Gloria Palella wrote to the Building Inspector in 1991 objecting to the operation of the summer program, claiming that under the 1932 Town of Greenburgh Building Zone Ordinance in effect when the school began operation in 1957, the day school camp does not and did not qualify as a permitted "educational . . . building" or accessory use and no special permit to operate a "camp" was ever obtained. The Building Inspector's reply indicated that the school was a legal nonconforming use which was not in violation of town ordinances. In 1992, plaintiffs sent a letter to town officials detailing their contentions that the summer program is an illegal use, requesting pursuant to Town Law § 268 (2) that town officials institute a proceeding to enforce the zoning ordinance. The Town Attorney replied, explaining that no enforcement action would be undertaken in that the school's uses were preexisting and legally permitted. Again in April 2000, plaintiffs, through their attorney, communicated by letter to town officials asserting that the present summer use of the school was illegal, to which the Town Supervisor replied that similar representations had been rejected when raised in 1991 and 1992.

Plaintiffs then commenced this action asserting three claims: (1) as taxpayers, seeking to utilize Town Law § 268 (2) to enjoin the alleged illegal use of defendants' property during summer months; (2) as landowners, a private right of action to enjoin defendants' activities which allegedly violate the zoning ordinance; and (3) nuisance. After joinder of issue, defendants moved for summary judgment on the first and second causes of action and plaintiffs cross-moved for summary judgment on those claims. Supreme Court, relying upon the equitable defense of laches, granted defendants' motion and denied plaintiffs' cross motion. We affirm, although on different grounds.

Town Law § 268 (2), which authorizes the proper town authorities to institute an action to enjoin zoning violations, provides that if they refuse or fail to do so after a written request by a resident taxpayer, any three taxpayers who are aggrieved by the zoning violation may institute an action or proceeding "in like manner as" town officials are authorized to

---

* That certificate of occupancy was issued following a challenge to the original certificate of occupancy (*see Streeter v Cowle*, 6 AD2d 811 [1958], *modfg* 10 Misc 2d 183 [1957]).

do (*see Little Joseph Realty v Town of Babylon*, 41 NY2d 738, 741 [1977]; *see also* Salkin, New York Zoning Law and Practice §§ 34.05, 34.06 [4th ed]). Here, plaintiffs—dissatisfied with the repeated conclusions of town officials that defendants' current operation of summer programs at the school does not violate the applicable zoning ordinances—attempt to utilize Town Law § 268 (2) to challenge those conclusions of town officials and to obtain a determination that defendants are in violation of the town zoning ordinance. On the first aspect of plaintiffs' challenge, any challenge to the town officials' determinations (in 1991, 1992 and 2000) that defendants' operation of a summer program comports with zoning requirements should have been raised in an appeal to the Town's Zoning Board of Appeals (*see* Town Law § 267-a) and, thereafter, in a timely CPLR article 78 proceeding (*see e.g. Matter of Mayes v Cooper*, 283 AD2d 760, 761-762 [2001]).

Turning to plaintiffs' attempt in their first cause of action to invoke the citizen taxpayer provision of Town Law § 268 (2) to overturn town officials' no-zoning-violation determinations and to secure a declaration that defendants are in violation (and an injunction), this statute does not authorize plaintiffs' cause of action. Indeed, "[i]n a taxpayer's action to enforce compliance with the zoning law upon failure of the town officers to do so, the taxpayer *plaintiffs have no greater right to demand compliance than do the town officials . . .* Inasmuch as the town officials could not institute legal action to enjoin the use, the plaintiffs may not do so" (*Forget v Raymer*, 65 AD2d 953, 954 [1978] [emphasis added, citations omitted]; *see* Anderson's American Law of Zoning § 29.10 [Young 4th ed] [under Town Law § 268 (2), "(t)he taxpayers may take any action which town officers are authorized to take under the circumstances"]). Stated differently, where, as here, local officials find no zoning violation exists, there is no "official lassitude or nonfeasance in the enforcement of zoning laws" which citizen taxpayers may overcome (*Little Joseph Realty v Town of Babylon, supra* at 741; *see Association of Friends of Sagaponack v Rennert*, 279 AD2d 542 [2001]).

We next address plaintiffs' second cause of action, a private action asserted by them as landowners seeking to enjoin defendants' alleged zoning violations and to obtain damages. Property owners asserting such a claim "must establish special damages due to [a] defendant's activities" (*Futerfas v Shultis*, 209 AD2d 761, 762-763 [1994]; *see Little Joseph Realty v Town of Babylon, supra* at 741-742; *Cord Meyer Dev. Co. v Bell Bay Drugs*, 20 NY2d 211, 217-218 [1967]). " '[I]n order to establish

special damage it is necessary to show that there is some depreciation in the value of the premises as real property arising from . . . the forbidden use' " (*Allen Avionics v Universal Broadcasting Corp.*, 118 AD2d 527, 528 [1986], *affd* 69 NY2d 406 [1987], quoting *Cord Meyer Dev. Co. v Bell Bay Drugs, supra* at 218; *accord Futerfas v Shultis, supra* at 763).

Plaintiffs submitted an affidavit of a certified real estate appraiser who conceded that he had not undertaken any appraisals of plaintiffs' properties and merely opined that noise associated with children's sports activities "detracts from the value of nearby properties and particularly the single-family residences owned by plaintiffs," without any quantification of either plaintiffs' property values or the resulting diminution attributable to defendants' operation of a summer program. Neither plaintiffs' proof in opposition to defendants' motion for partial summary judgment nor in support of their cross motion for partial summary judgment contained the requisite "specific, detailed . . . evidence" of a diminution in the value of their property as a result of defendants' activities so as to support the element of special damages (*Santulli v Drybka*, 196 AD2d 862, 863 [1993]; *see Futerfas v Shultis, supra* at 763).

Accordingly, plaintiffs' cross motion for partial summary judgment was correctly denied and defendants were properly awarded partial summary judgment dismissing plaintiffs' first and second causes of action.

Cardona, P.J., Mercure, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.