Matter of Washington County Dept. of Social Servs. v Oudekerk (2022 NY Slip Op 03038)

Matter of Washington County Dept. of Social Servs. v Oudekerk

2022 NY Slip Op 03038

Decided on May 5, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 5, 2022

533466
[*1]In the Matter of Washington County Department of Social Services, on Behalf of Vicki S. Vernon, Respondent,
v
Nicholas J. Oudekerk, Appellant.

Calendar Date:March 24, 2022

Before:Egan Jr., J.P., Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ.

Robert N. Gregor, Lake George, for appellant.
Roger A. Wickes, County Attorney, Fort Edward (Daniel S. Martindale of counsel), for respondent.

Egan Jr., J.P.
Appeal from an order of the Family Court of Washington County (Michelini, J.), entered January 26, 2021, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 4, to hold respondent in willful violation of a prior order of support.
In 2013, respondent (hereinafter the father) was ordered to pay $25 per month in child support for the benefit of a child (born in 2013). The father's failure to do so resulted in the issuance of 2017 orders that, among other things, directed him to comply with the terms of the 2013 order, committed him to a jail term, and suspended that commitment so long as he was in compliance with the dispositional terms of the 2017 order.
The father failed to make payments as directed, resulting in the commencement of this enforcement proceeding in February 2020. At the outset of the January 2021 virtual hearing on the petition, the father expressed his displeasure with assigned counsel, rebuffed Family Court's offer to represent himself and exited the hearing. Counsel for the father was then relieved, and the hearing proceeded with petitioner presenting proof that the father had not made regular support payments as required by the prior orders. Family Court thereafter issued three orders entered on January 26, 2021, namely: (1) an order of disposition finding that the father had failed to make support payments as required; (2) an order of commitment sentencing the father to a 15-day jail term; and (3) an order suspending that sentence for a period of three years so long as the father complied with his support obligation. The father purports to appeal from the order of disposition.
"The power of an appellate court to review a judgment [or order] is subject to an appeal being timely taken" (Hecht v City of New York, 60 NY2d 57, 61 [1983] [citations omitted]; see CPLR 5513, 5515; Family Ct Act §§ 1115, 1118; Matter of Jordan v Horstmeyer, 152 AD3d 1097, 1098 n [2017]). An appeal is taken from a Family Court order by filing an "original notice of appeal with the clerk of the family court in which the order was made and from which the appeal is taken," then serving that notice upon "any adverse party as provided for in [CPLR 5515 (1)] . . . and upon the child's attorney, if any," within the time allowed by Family Ct Act § 1113 (Family Ct Act § 1115). Accordingly, where an appealing party fails "to complete both steps by timely filing a notice of appeal in the proper court and by serving it on" the individuals entitled to notice (Matter of Community Hous. Improvement Program v Commissioner of Labor, 166 AD3d 1135, 1136 [2018]), "this [C]ourt lacks subject matter jurisdiction to hear the appeal" (Austin & Co. v H.D. Reichert Constr. Corp., 151 AD2d 851, 851-852 [1989], lv denied 75 NY2d 704 [1990]; see Matter of Johnson v Smith, 80 AD3d 931, 932 [2011]; Matter of Malik v Coughlin, 127 AD2d 948, 949 [1987]; see also M Entertainment, Inc. v Leydier, 13 NY3d 827, 828-829 [2009]).
The record [*2]before us does not contain a notice of appeal, with the father instead providing a "notice of poor person requesting permission to proceed" that served the different purposes of requesting poor person relief and the assignment of counsel in anticipation of an appeal from one or more of the January 2021 orders (see Family Ct Act §§ 262, 1118; CPLR 1101). Although a "mistake, omission, defect or irregularity" in a notice of appeal may be disregarded (CPLR 2001), and we may deem a notice of appeal to be valid where it "is premature or contains an inaccurate description of the judgment or order appealed from" (CPLR 5520 [c]), we cannot treat a document as a notice of appeal when nothing in it suggests that it was intended to be one (see Futerfas v Shultis, 209 AD2d 761, 761 n [1994]; Town & Country House & Home Serv. v Newbery, 25 AD2d 875, 875 [1966]). Further, the record gives no indication that the document was served upon petitioner as required for a notice of appeal. Thus, as the record is devoid of proof that a notice of appeal was filed or served in a timely manner, the appeal must be dismissed (see Hecht v City of New York, 60 NY2d at 61; Matter of Malik v Coughlin, 127 AD2d at 949).
Aarons, Reynolds Fitzgerald, Fisher and McShan, JJ., concur.
ORDERED that the appeal is dismissed, without costs.